Affirmed and Opinion filed November 15, 2005









Affirmed and Opinion filed November 15, 2005.

 

 

 

In The

 

Fourteenth Court of Appeals

_______________

 

NO. 14-04-00015-CV

_______________

 

CHEOL MO JEA, Appellant

 

V.

 

SAM J. CHO and MI REA CHO

d/b/a SAM=S
FOOD STORE, Appellees

_____________________________________________________________

 

On Appeal from 280th District Court

Harris County, Texas

Trial Court Cause No. 02-30416

_____________________________________________________________

 

O P I N I O N

 

In
this personal injury case, Cheol Mo Jea appeals from a judgment notwithstanding
the verdict (AJNOV@) on the grounds that: (1) appellees
had a duty to provide a safe work place as a matter of law; (2) there was more
than a scintilla of evidence showing appellees= negligent acts were a cause in fact
of Jea=s injuries; and (3) there was more
than a scintilla of evidence supporting the requisite conduct of a convenience
store owner of ordinary prudence in the same or similar circumstances.  We affirm.








After
being shot during a robbery while working at Sam=s Food Store, Jea filed suit against
its owners, Sam J. Cho and Mi Rea Cho d/b/a Sam=s Food Store (collectively, the Astore@), asserting a negligence claim.[1]  The jury returned a verdict favorable to Jea,
but the trial court granted the store=s motion for JNOV based, in part, on
the ground that there was no evidence of proximate cause, and entered a
take-nothing judgment.

As
relevant to this appeal, a JNOV should be entered when the evidence offered to
prove a vital fact is no more than a scintilla. 
City of Keller v. Wilson, 168 S.W.3d 802, 810,  823 (Tex. 2005).  We thus review a JNOV under a legal
sufficiency standard, viewing the evidence in the light favorable to the
verdict, crediting favorable evidence if reasonable jurors could, and
disregarding contrary evidence unless reasonable jurors could not.  Id. at 807.

Jea=s second, third, and fourth issues
contend that he presented more than a scintilla of evidence to show that the
following negligent acts by the store, in failing to provide a safe workplace,
were the cause in fact of his injuries: (1) failing to provide Jea a key to
lock the front door from inside the store; (2) failing to provide adequate
exterior lighting; and (3) failing to provide a second employee to assist
during closing.  Because the issue of
causation is dispositive of the appeal, we address it first.








A
negligence cause of action[2]
requires proof of proximate cause, one element of which is cause in fact. W.
Invs., Inc. v. Urena, 162 S.W.3d 547, 550-51 (Tex. 2005).  An act or omission is a cause in fact of an
injury, if without it, the harm would not have occurred.  Id. at 551.  Conversely, an act of negligence is not a
cause in fact if it does no more than furnish a condition that makes the injury
possible.  Id.  Cause in fact cannot be established by
conjecture, guess, or speculation.  Id.


Here,
Jea testified that, at or immediately before closing time on the night of the
robbery,[3]
a man and one or two others entered the store. 
Jea thought they were customers, but one of the men pulled a gun, and
they robbed the store, and one of the men shot Jea in the arm.








Jea
contends that if he had had a key to lock the door to the store from the
inside, then he would have been able to lock the door, count the cash, and
close the store without suffering the injury. 
He similarly argues that with proper exterior lighting, he would have Abeen more cognizant of the
surroundings . . . and would have gained vital seconds of notice if he
discerned a person was bent on committing criminal activity within the store
and potentially injuring [him].@  Likewise, Jea asserts
that the presence of a second employee would have provided both a deterrent to
criminals and another set of watchful eyes to warn of potential danger.  However, there is no evidence in our record
that any of these measures, individually or in combination, would have prevented
either the robbery or the shooting that caused Jea=s injury.  Although common sense would suggest that
employing these measures might have theoretically made the store somewhat more
difficult to rob, and possibly even prevented the robbery from occurring in
the manner that it did, there is no empirical data, expert opinion, or
other evidence that such measures have actually had any effect on
preventing or reducing such crimes where they have been implemented, let alone
a reasonable probability that this particular robbery or shooting would have
been deterred or thwarted by using them. 
Because Jea=s issues thus fail to demonstrate that his injury would not
have occurred but for the alleged omissions by the store, they are overruled,
and the judgment of the trial court is affirmed.

 

/s/        Richard H. Edelman

Justice

 

Judgment rendered
and Opinion filed November 15, 2005.

Panel consists of Justices Edelman, Seymore, and
Guzman.  (Seymore, J., concurs in
result only.)

 

 











[1]           Because
the store was a non-subscriber to worker=s
compensation insurance, Jea=s recovery against it required a showing of
negligence.  See Werner v. Colwell,
909 S.W.2d 866, 868 (Tex. 1995).





[2]           A
complaint that an owner failed to provide adequate security against criminal
conduct is ordinarily a premises liability claim.  Timberwalk Apartments, Partners, Inc. v.
Cain, 972 S.W.2d 749, 753 (Tex. 1998). 
However, no error is assigned to the submission of this case on solely a
negligent activity theory.





[3]           On
direct examination, Jea testified that the men came into the store while he was
in the process of closing the store. 
However, on cross-examination, Jea acknowledged that the men entered the
store while the store was still open for business.  Additionally, Jea testified that one of the
men had been in the store about 15 minutes before the robbery to buy beer, but
had to leave to get his identification.  Therefore,
when he returned, Jea assumed he was a customer.