Reversed and Remanded and Majority and Dissenting Opinions filed May 22,
2007








Reversed and
Remanded and Majority and
Dissenting Opinions filed May 22, 2007.

 

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-05-00996-CV

____________

 

GEORGE MATHIS, JR., Appellant

 

V.

 

RESTORATION BUILDERS, INC., Appellee

 



 

On Appeal from the 215th
District Court 

Harris County, Texas

Trial Court Cause No. 2002-45378C

 



 

M A J O R I T Y   O P I N I O N








Appellant, George Mathis, Jr. (Mathis), appeals from a
summary judgment in favor of appellee, Restoration Builders, Inc.
(Restoration).  Restoration moved for summary judgment on both traditional and
no-evidence grounds.  The trial court expressly granted summary judgment on the
ground that Mathis produced no evidence of causation.  Mathis appeals, claiming
that he raised a genuine issue of material fact by presenting conflicting
testimony from Restoration=s president, Robert Granberry.  Mathis
also contends that the court erred in granting the no-evidence summary judgment
because he was entitled to an inference of liability under the doctrine of res
ipsa loquitur.  Because we find Mathis raised a genuine issue of material
fact in his response to the no-evidence summary judgment motion, we reverse and
remand for further proceedings. 

Factual and Procedural Background

On October 30, 2001, Mathis visited a building owned by
Petersen to review the property so he could propose a bid on wrought iron
work.  Mathis fell through a hole in the building=s elevated slab. 
The hole  had been covered by a piece of cardboard.  He landed on the concrete
flooring below, and sustained injuries to his head, neck, and torso.  Mathis
brought suit against Petersen and Restoration, claiming negligence and
negligence per se.

Restoration moved for summary judgment, claiming there was
no evidence of causation as to the negligence claim, and no evidence of any
element of negligence per se.  Restoration also moved for traditional summary
judgment on the basis of the affirmative defenses of intervening and new and
independent causes.  The trial court expressly granted the summary judgment
based on its finding that no evidence of causation existed, thus disposing of
both the negligence and negligence per se causes of action on Restoration=s no-evidence
summary judgment action. The trial court denied the traditional motion for
summary judgment based on intervening and new and independent causes.[1] 
The court severed all claims between Mathis and Restoration from the original
suit, and this appeal followed.   

Analysis 

I.        Conflicting
Testimony Raised a Fact Issue








Mathis=s reply to Restoration=s motion for
summary judgment purported to raise a fact issue as to causation.  The
pertinent evidence amounts to conflicting statements by Restoration=s president,
Robert Granberry, that Restoration both did and did not cover the hole at issue
in this case.  The statement that the hole was covered came from a deposition
of Granberry, and the statement that the hole was not covered by Restoration
came from an affidavit in support of a prior motion for summary judgment. 

A.      Standard
of Review

A no‑evidence summary judgment is essentially a
pretrial directed verdict, and we apply the same legal sufficiency standard in
reviewing a no‑evidence summary judgment as we apply in reviewing a
directed verdict.   King Ranch, Inc. v. Chapman, 118 S.W.3d 742, 750B51 (Tex. 2003). 
We review the entire record in the light most favorable to the nonmovant,
indulging every reasonable inference and resolving any doubts against the
motion.  City of Keller v. Wilson, 168 S.W.3d 802, 824 (Tex. 2005). 
However, per City of Keller, although we Amust consider all
the summary judgment evidence on file, in some cases, that review will
effectively be restricted to the evidence contrary to the motion.@  Id. at
825.  Thus, in this case, our review is limited to the evidence favoring Mathis
that was attached to the Response to the Motions for Summary Judgment, even
though the body of Restoration=s Motion for Summary Judgment, which was
both a traditional and no-evidence motion, contained testimony on which
Restoration relied.  Id.; Tex. R.
Civ. P. 166a(i).  A no‑evidence summary judgment is improperly
granted if the respondent brings forth more than a scintilla of probative evidence
to raise a genuine issue of material fact.  King Ranch, 118 S.W.3d at
751.  More than a scintilla of evidence exists when the evidence Arises to a level
that would enable reasonable and fair‑minded people to differ in their
conclusions.@   Id. (quoting  Merrell Dow Pharms., Inc.
v. Havner, 953 S.W.2d 706, 711 (Tex. 1997)).   

We turn now to the evidence Mathis presented.  As we noted
earlier, our inquiry is restricted to whether Mathis raised a fact issue as to
causation, because the trial court granted the no-evidence motion as to
causation, which is relevant to both negligence and negligence per se.    

B.      Mathis=s Evidence Raises
an Issue as to Causation








The evidence Mathis attached to his response accomplished
two things: First, it showed that Granberry, the President of Restoration, knew
about the hole and took steps to ensure the safety of his people by covering it
when workers were not using the hole to extract refuse.  Second, the evidence
created a fact issue as to whether Restoration covered the hole when it left
the premises.  It created a fact issue because it contained conflicting
statements by Granberry that Restoration both did and did not cover the hole at
issue in this case.  Both statements, one made during a deposition, the other
in an affidavit, were very precise and direct in nature, specifically referred
to the hole that caused Mathis=s injuries, and were completely
contradictory.

1.       Cause in
Fact 

Restoration first contends that whether the hole was
covered or not raises no genuine issue of material fact as to causation of
Mathis=s injuries.  The
elements of causation are cause in fact and foreseeability.  Western Invs.,
Inc. v. Urena, 162 S.W.3d 547, 551 (Tex. 2005).  Cause in fact is
established when the act or omission was a substantial factor in bringing about
the injuries, and without it, the harm would not have occurred.  IHS Cedars
Treatment Ctr. of DeSoto, Tex., Inc. v. Mason, 143 S.W.3d 794, 799 (Tex.
2003).  Cause in fact is not established when the defendant=s negligence does
no more than furnish a condition which makes the injuries possible.  Id. 
Any act of negligence that does no more than put a person in a particular place
at a particular time is too remote to constitute legal cause.  Roberts v.
Healey, 991 S.W.2d 873, 878B79  (Tex. App.CHouston [14th
Dist.] 1999, pet. denied).  In explaining cause in fact, the supreme court has
said:








In order to be a legal cause of another=s harm, it is not enough that the harm would not
have occurred had the actor not been negligent. * * * [T]his is necessary, but
it is not of itself sufficient. The negligence must also be a substantial
factor in bringing about the plaintiff=s harm. The word Asubstantial@ is used to denote the fact that the defendant=s conduct has such an effect in
producing the harm as to lead reasonable men to regard it as a cause, using
that word in the popular sense, in which there always lurks the idea of
responsibility, rather than in the so‑called Aphilosophic sense,@ which includes every one of the
great number of events without which any happening would not have occurred.
Each of these events is a cause in the so‑called Aphilosophic sense,@ yet the effect of many of them is
so insignificant that no ordinary mind would think of them as causes. 

Lear
Siegler, Inc. v. Perez, 819 S.W.2d 470, 472 (Tex. 1991) (quoting Restatement
(Second) of Torts ' 431, cmt. a (1965)). 

Thus, regarding the cause in fact prong of causation, the
salient inquiry is whether the summary judgment evidence, viewed in the light
most favorable to Mathis, could enable a juror to reasonably believe that
Restoration did not merely create the conditions making the injuries possible,
but was negligent in such a way that it ought to bear some responsibility for
causing the harm.  Here, Restoration=s negligence, if
any, is not so attenuated that it is only a cause in the philosophical sense. 
Rather, if Restoration left the hole uncoveredCas its President,
Robert Granberry, stated under oathCthat act, though
an indirect proximate cause, could cause someone to cover the hole with a
defective material such as cardboard, which someone did in this case, directly
causing Mathis=s injuries.  In this way, the failure to cover the
hole could have been a substantial factor in bringing about Mathis=s harm.  See
Dew v. Crown Derrick Erectors, Inc., 208 S.W.3d 448, 453 (Tex. 2006)
(plurality opinion) (holding that because removal of a rope barrier around an
open hole in the floor of an oil platform was a foreseeable intervening force,
platform erector was not entitled to an instruction on new and independent
cause).  Thus, Mathis=s summary judgment evidence is sufficient
to raise a fact issue as to cause in fact.

2.       Foreseeability









The second prong of causationCforeseeabilityCalso is met. 
Foreseeability means that the actor, as a person of ordinary intelligence,
should have anticipated the dangers that his negligent act created for others. 
Travis v. City of Mesquite, 830 S.W.2d 94, 98 (Tex. 1992). Mathis easily
meets the foreseeability requirement, because the type of harm that a person of
ordinary intelligence would anticipate from the negligent act is the type of
harm that occurred.  A hole in the floor, which opens into a basement area,
poses a risk that a person might fall through the hole and  suffer injury as a
result.  If a hole was left uncovered on a work site, it is quite foreseeable
that someone would attempt to cover the hole and might choose an ineffective
material.  This is precisely what happened in this case.  Thus, the harm was
entirely foreseeable. 

3.       Restoration=s Argument that
the Statements Are Not Inconsistent  Fails

Restoration next argues that there is no inconsistency in
the testimony of Restoration=s president.  On the face of the
statements, they are clearly contradictory.  In his affidavit, Granberry states
ARestoration
Builders did not dig or cover any holes on the property at issue, including,
but without limitation to the hole at issue which has been described as >a hole next to a
wall about twenty to thirty feet (20'B30') from a
sidewalk which is covered by cardboard.=@  In his
deposition testimony, he stated that AAs far as the hole
itself,...I personally used powder actuated nails to [i]mbed the [steel]
plate...over the hole.@  

Restoration attempts to explain away this inconsistency by
referring us to further deposition testimony by which Granberry explains that
in the affidavit he was trying to say that Restoration never covered the hole with
cardboard.  However, we cannot consider this testimony because it was not
before the trial court, and, more importantly that is not what the affidavit
said.  See Tex. R. Civ. P.
166a(c).  The trial court had before it only Mathis=s evidence in
response to the no-evidence motion. See id.  The trial court could not
consider any of the evidence attached to the traditional motion for summary
judgment.  See Binur v. Jacobo, 135 S.W.3d 646, 651 (Tex. 2004). 
Therefore, the portion of Granberry=s deposition in
which he explained the affidavit was not in the summary judgment record.








Even if the evidence had been before the trial court, we
would reach the same result because the deposition testimony explaining away
the affidavit would require us to weigh the evidence presented to resolve a
conflict in the testimony.  In this case we cannot do that.  See City of
Keller, 168 S.W.3d at 825.  Based on the foregoing, we hold that the trial
court erred in granting a no-evidence summary judgment on the element of
causation.  The conflicting testimony presented by Mathis, when viewed in the
light most favorable to him, was sufficient to create a genuine issue of
material fact. 

II.       Res Ipsa
Loquitur

For the sake of judicial economy, we will consider Mathis=s res ipsa
loquitur argument, even though we have already concluded that the case should be
remanded.  See Cincinnati Life Ins. Co. v. Cates, 927 S.W.2d 623, 625
(Tex. 1996).  Res ipsa is a doctrine used when the circumstances surrounding an
accident constitute sufficient circumstantial evidence of the defendant=s negligence to
support such a finding.  Marathon Oil Co. v. Sterner, 632 S.W.2d 571,
573 (Tex. 1982).  Res ipsa consists of two factors:  1) the character of the
accident is such that it would not ordinarily occur absent negligence;  2) the
instrumentality causing the injury is shown to have been under the management
and control of the defendant.  Id.  The first factor is necessary to
support an inference of negligence, while the second is necessary to support
the inference that the negligence was committed by the defendant.  Mobil
Chem. Co. v. Bell, 517 S.W.2d 245, 251 (Tex. 1974).   The instrumentality
need not have been in the constant control of the defendant.  Id.  It is
enough that Athe defendant was in control at the time that the
negligence inferable from the first factor probably occurred, so that the
reasonable probabilities point to the defendant and support a reasonable
inference that he was the negligent party.@  Id.  Res 
ipsa is not available  when multiple defendants exercised control over the
instrumentality and any one of them, wholly independent of the others, might
have been responsible for the injury.  See Marathon Oil Co., 632 S.W.2d
at 573B74;  Esco Oil
& Gas, Inc. v. Sooner Pipe & Supply Corp., 962 S.W.2d 193, 195
(Tex. App.CHouston [1st Dist.] 1998, pet. denied).   

The second element has not been satisfied.  The summary
judgment evidence shows that Restoration used the hole to remove debris from
the basement of the building, and that Restoration fenced the site.  However,
none of this evidence shows that Restoration was in control of the
injury-causing instrumentality at the time of Mathis=s fall.  Mathis,
therefore, failed to implicate the res ipsa loquitur doctrine. 








Even if Mathis had implicated res ipsa by showing that
Restoration had been in control of the instrumentality at some point, the
evidence in Mathis=s response to the summary judgment motion
shows that Restoration left the property in December of 1999.  The injury here
did not occur until October of 2001.  A period of almost two years passed when
Restoration was clearly not in control of the premises.  Any negligence might
be attributable to whomever was in control during that period of almost two
years.  Therefore, res ipsa cannot apply here.  See  Marathon Oil Co.,
632 S.W.2d at 573B74; Esco Oil & Gas, Inc., 962
S.W.2d at 195.   

Conclusion 

Having found that Mathis raised a genuine issue of material
fact as to the element of causation, we hold that summary judgment was
inappropriate on the negligence and negligence per se causes of action
and remand for further proceedings on those claims. 

 

 

 

 

/s/      Wanda McKee Fowler

Justice

 

 

 

 

Judgment rendered and Majority and Dissenting Opinions
filed May 22, 2007.  (Edelman, J. Dissenting).

 

Panel consists of
Justices Fowler, Edelman, and Frost.









[1]  Accordingly, we will not review Restoration's
traditional motion for summary judgment.