NO. 07-08-0340-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

FEBRUARY 10, 2009

______________________________


EMILIO CHAVEZ, JR., APPELLANT

V.

CYNTHIA GALE HILL, APPELLEE

_________________________________

FROM THE 72ND DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2007-540,380; HONORABLE RUBEN REYES, JUDGE

_______________________________

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.
MEMORANDUM OPINION
          Appellant, Emilio Chavez, Jr., proceeding pro se and in forma pauperis, appeals
from the trial court’s order granting Cynthia Gale Hill’s no-evidence motion for summary
judgment in his action against her for legal malpractice and violations of the Deceptive
Trade Practices–Consumer Protection Act (DTPA).


 We affirm.
Procedural Background
          On April 27, 2006, pursuant to a guilty plea, Chavez was convicted of theft and
sentenced to five years confinement. His court-appointed counsel was Hill. Later that
year, while Chavez was incarcerated, he filed a complaint in the United States District
Court for the Northern District of Texas against several defendants, including Hill, alleging,
among other claims, ineffective assistance of counsel and deprivation of liberty and
property without due process of law. On December 22, 2006, the trial court signed an
order which dismissed, as frivolous, all of Chavez’s claims against Hill. 
          The following year, Chavez filed the underlying suit against Hill alleging legal
malpractice and violations of the DTPA. Specifically, Chavez alleged that Hill breached her
fiduciary duties and standard of care by fraud, misrepresentation, forgery, deception, and
coercion. Chavez further alleged that Hill’s wrongful acts caused him to suffer “damages
in excess of $100 million U.S. dollars.”
          By a special denial contained within her amended answer, Hill contended that, 
under § 17.49(c) of the DTPA, she was exempt from a claim for damages based upon the
rendering of a professional service. She also raised the affirmative defense of res judicata
based upon the final order rendered in Chavez’s case filed in the United States District
Court.
          After a deluge of paperwork from Chavez and adequate time for discovery, Hill filed
a no-evidence motion for summary judgment. By her motion, she alleged there was no
evidence of one or more of the elements of Chavez’s claims of legal malpractice, breach
of fiduciary duty, fraud, misrepresentation, forgery, deceit, and coercion. She also alleged
that Chavez did not present any evidence entitling him to relief under the DTPA. Finally,
Hill raised the affirmative defense of res judicata.


 
          Chavez filed an objection to Hill’s no-evidence motion and, because of his
incarceration, requested the trial court to take judicial notice of exhibits previously filed with
his brief in support of his suit.


 Those exhibits include motions, correspondence,
documents relating to his guilty plea in the theft case, unanswered interrogatories to Hill,
and Chavez’s “Affidavit of Forgery and Pleas non est factum an Alteration.” After reviewing
the evidence, the trial court signed an order granting Hill’s no-evidence motion and
dismissing all of Chavez’s claims. This appeal followed.



          After the appellate record was filed, on October 16, 2008, Chavez filed his brief and
this Court acknowledged the filing by letter to both parties the following day. On October
21, 2008, this Court received a letter from Hill in which she indicated she received the
Court’s notification letter but had not been served with a copy of Chavez’s brief. This Court
immediately notified Chavez of the defect and requested proof of service. In response, on
October 31, 2008, Chavez filed “Appellant’s Amended Brief,” which was provided to Hill. 
Again Chavez was notified by letter that the amended brief superceded his original brief. 
Hill timely filed her brief on December 8, 2008, and on January 7, 2009, Chavez filed a
request to rebrief, which was denied. Chavez then filed a “Memorandum of Closing
Statements” on January 16, 2009, and this Court notified him that briefing deadlines had
passed and no further filings would be considered.
          Summary Judgment Standards of Review
          I.        Affirmative Defense - Res Judicata
          A defendant who moves for summary judgment on the basis of an affirmative
defense has the burden to prove conclusively all the elements of the affirmative defense
as a matter of law. KPMG Peat Marwick v. Harrison County Hous. Fin. Corp, 988 S.W.2d
746, 748 (Tex. 1999). The doctrine of res judicata is an affirmative defense. Tex. R. Civ.
P. 94. In reviewing the evidence, we take as true the non-movants’ summary judgment
evidence and indulge every reasonable inference in favor of the non-movant. See
American Tobacco Co., Inc. v. Grinnell, 951 S.W.2d 420, 425 (Tex. 1997), citing Nixon v.
Mr. Property Management, 690 S.W.2d 546, 548-49 (Tex. 1985).
          II.       No-Evidence Motion for Summary Judgment
          A no-evidence motion for summary judgment is essentially a motion for a pretrial
directed verdict. See Merrell Dow Pharms, Inc. v. Havner, 953 S.W.2d 706, 711 (Tex.
1997). In a no-evidence summary judgment motion, the movant contends there is no
evidence of one or more essential elements of the claims for which the non-movant would
bear the burden of proof at trial. Tex. R. Civ. P. 166a(i). Once the motion is filed, the
burden shifts to the non-movant to present evidence raising an issue of material fact as to
the elements specified in the motion. The trial court must grant the motion unless the non-movant produces more than a scintilla of evidence raising a genuine issue of material fact
on the challenged elements. See Morgan v. Anthony, 27 S.W.3d 928, 929 (Tex. 2000). 
The non-moving party is “not required to marshal its proof; its response need only point out
evidence that raises a fact issue on the challenged elements.” Tex. R. Civ. P. 166a(i),
Notes and Comments (1997). We review the summary judgment evidence in the light
most favorable to the party against whom summary judgment was rendered, crediting
evidence favorable to that party if reasonable jurors could, and disregarding contrary
evidence unless reasonable jurors could not. See Hamilton v. Wilson, 249 S.W.3d 425,
426, (Tex. 2008), citing City of Keller v. Wilson, 168 S.W.3d 802, 827 (Tex. 2005). See
also Mack Trucks, Inc. v. Tamez, 206 S.W.3d 572, 582 (Tex. 2006). When the judgment
does not specify the ground relied on, we will affirm the summary judgment if any of the
theories advanced in the motion are meritorious. Western Investments, Inc. v. Urena, 162
S.W.3d 547, 550 (Tex. 2005)
Discussion
          I.        Affirmative Defense - Res Judicata
          Res judicata, or claim preclusion, “gives a plaintiff one bite at the cause of action
apple.” Weiman v. Addicks-Fairbanks Road Sand Co., 846 S.W.2d 414, 418
(Tex.App.–Houston [14th Dist.] 1992, writ denied). If the defendant wins the original suit,
then the plaintiff is barred from bringing another action on the claims actually litigated in
the action, as well as claims that could have been litigated in the original action. Barr v.
Resolution Trust Corp., 837 S.W.2d 627, 628 (Tex. 1992).
          To successfully assert the affirmative defense of res judicata, a defendant must
prove the following elements: (1) a prior final judgment on the merits by a court of
competent jurisdiction; (2) identity of parties or those in privity with them; and (3) a second
action based on the same claims as were raised or could have been raised in the first
action. Igal v. Brightstar Info. Tech. Group, Inc., 250 S.W.3d 78, 86 (Tex. 2008). Hill
alleged the required elements of res judicata in her motion for summary judgment. She
attached as evidence a certified copy of an order of dismissal from the United States
District Court for the Northern District of Texas dismissing Chavez’s ineffective assistance 
and due process claims against her. The order and Chavez’s amended complaint, which
is also included as evidence, provides the identity of the parties. Hill also asserted that the
underlying legal malpractice suit with “an array of causes typically known as elements of
legal malpractice,” was the same as the “administrative malpractice” referenced by Chavez
in his “Motion for Judgment” filed in the federal lawsuit and which is included in Hill’s
summary judgment evidence. 
          The only potential competent summary judgment evidence presented by Chavez
is his affidavit in which he avers that Hill forged his name to the plea agreement while
representing him in his theft case. Mindful that we review summary judgment evidence in
the light most favorable to the party against whom summary judgment was rendered, a
conclusory statement unsupported by facts is not competent summary judgment evidence. 
Wadewitz v. Montgomery, 951 S.W.2d 464, 466 (Tex. 1997). A conclusory statement is
one that does not provide the underlying facts to support the conclusion. 1001 McKinney
Ltd. v. Credit Suisse First Boston Mortgage Capital, 192 S.W.3d 20, 27 (Tex.App.–Houston
[14th Dist.] 2005, pet. denied). The mere recitation that an affidavit is based on personal
knowledge is inadequate if the affidavit does not affirmatively show a basis for such
knowledge. Southtex 66 Pipeline Co., Ltd. v. Spoor, 238 S.W.3d 538, 542-43
(Tex.App.–Houston [14th Dist.] 2007, pet. denied). Chavez’s statement that Hill forged his
name without any underlying factual details is self-serving and conclusory and insufficient
to raise a genuine issue of material fact to defeat Hill’s motion for summary judgment. 
          In the absence of any genuine issue of material fact that would preclude Hill’s
entitlement to the affirmative defense of res judicata, Chavez’s legal malpractice claims
actually litigated in the federal lawsuit, as well as claims that could have been litigated in
that suit, were barred.
          II.       Hill’s No-Evidence Motion for Summary Judgment 
          By her no-evidence motion, Hill alleged there was no evidence of one or more of the
elements of Chavez’s claims of legal malpractice, breach of fiduciary duty, fraud,
misrepresentation, forgery, deceit, coercion, and violations of the DTPA. Hill set forth each
element of every claim in her motion and she then challenged at least one element of each
claim. In response to the motion, Chavez filed his objection raising legal and factual
insufficiency and requesting the trial court to take judicial notice of certain documents filed
by him. As previously discussed, the only potential summary judgment evidence presented
by Chavez was his affidavit, which we have found was not competent summary judgment
evidence because of its conclusory nature. Thus, Chavez has failed to present any
evidence raising a genuine issue of material fact on any of the elements challenged by Hill.
          III.      Proximate Cause as to Damages
          In the context of a criminal matter, the client’s criminal conduct is, as a matter of law,
the sole proximate or producing cause of the client’s eventual conviction and damages,
such that a legal malpractice claim may not be brought absent a showing that the plaintiff
has been exonerated from the criminal conviction, either by direct appeal, post-conviction
relief, or otherwise. See Peeler v. Hughes & Luce, 909 S.W.2d 494, 496 (Tex. 1995). 
Chavez has not been exonerated of the offense that was the basis of Hill’s representation
giving rise to his malpractice claim. Thus, Chavez would not have been able to negate the
sole proximate cause bar to his legal malpractice claim against Hill. Id. 
Conclusion
          Because Hill established the affirmative defense of res judicata to Chavez’s legal
malpractice claims, and because Chavez did not raise a genuine issue of material fact as
to the contested element of each cause of action asserted against Hill, including proximate
cause as to damages, we conclude the trial court did not err in granting Hill’s motion for
summary judgment. Having disposed of Chavez’s contentions on the theories of res
judicata and no evidence, we need not consider any other complaints presented by him. 
See Urena, 162 S.W.3d at 550. All contentions raised by Chavez are overruled.
          Accordingly, the trial court’s summary judgment is affirmed.




                                                                           Patrick A. Pirtle

                                                                                 Justice