Opinion issued August 21, 2003 










In The

Court of Appeals

For The

First District of Texas






NO. 01-02-00079-CV






MARIA URENA, INDIVIDUALLY AND AS NEXT FRIEND FOR

L. U., A MINOR, Appellant


V.


WESTERN INVESTMENTS, INC., FRONT ROYALE APARTMENTS,
WESTERN INVESTMENTS D/B/A FRONT ROYALE APARTMENTS,
RON DEUTSCH, WARREN DEUTSCH, AND KATE MICHON,
INDIVIDUALLY, Appellees






On Appeal from the 269th District Court

Harris County, Texas

Trial Court Cause No. 2000-12496 





 

OPINION ON REHEARING


 We deny the motion for rehearing of appellees, Western Investments, Inc.,
Front Royale Apartments, Western Investments D/B/A Front Royale Apartments, Ron
Deutsch, Warren Deutsch, and Kate Michon, Individually. We withdraw our opinion
of May 15, 2003, substitute this opinion in its place, and vacate our May 15, 2003
judgment.

 Appellant, Maria S. Urena, individually and as next friend for L. U., appeals
a summary judgment rendered in favor of appellees. On November 6, 1999, L. U.,
a minor, was sexually assaulted at the Front Royale Apartments. 

 In two points of error, appellant asserts that the trial court erred in granting
summary judgment because (1) sufficient evidence was presented to support a simple
negligence claim and (2) sufficient evidence was presented to support a premises-
liability claim that the injuries inflicted were proximately caused by the breach of
appellees' duty to appellant.

 We reverse and remand. Background

 Appellant and her minor children, S. U. and L. U., resided in the Front Royale
Apartments complex in Houston. Appellant's sister, Araceli Grimaldo, lived in the
same complex. Another sister, Olga Grimaldo, lived in the English Oaks Apartment
complex located across the street from the Front Royale Apartments.

 On November 6, 1999, appellant left L. U. with Araceli while appellant went
to work. While playing inside at Araceli's apartment, L. U. decided to return to his
apartment in order to bring over some of his own toys. As he was returning to his
apartment unit, L. U. was lured into an apartment occupied by Miguel Angel Zuniga,
through Zuniga's promise of a dollar bill. Zuniga sexually assaulted L. U. 
Immediately after the assault, L. U.'s aunts discovered what had happened. Two of
L. U.'s aunts went to Zuniga's apartment and confronted Zuniga, while another aunt
called the police. Zuniga fled before the police arrived and has never been found. 
A subsequent criminal investigation revealed that Zuniga had two convictions for
traffic offenses, but no violent crime or sexual assault convictions. 

 Appellant sued appellees, asserting causes of action for negligence, breach of
contract, breach of implied warranty of habitability, and violations of the Texas
Deceptive Trade Practices-Consumer Protection Act ("DTPA"). (1) Appellees moved
for traditional and no-evidence summary judgment against all of appellant's claims. 
See Tex. R. Civ. P. 166a(c),(i). The trial court granted appellees' summary judgment
motion without specifying grounds and rendered a take-nothing judgment against
appellant.

Standards of Review

A. Traditional Summary Judgment

 A traditional summary judgment under rule 166a(c) is proper only when the
movant establishes that there is no genuine issue of material fact and that it is entitled
to judgment as a matter of law. Tex. R. Civ. P. 166a(c); Randall's Food Mkts., Inc.
v. Johnson, 891 S.W.2d 640, 644 (Tex. 1995). As movant, the defendant is entitled
to summary judgment if the evidence disproves, as a matter of law, at least one
element of each of the plaintiff's causes of action or conclusively establishes each
element of an affirmative defense. Friendswood Dev. Co. v. McDade + Co., 926
S.W.2d 280, 282 (Tex. 1996). In reviewing a summary judgment, we indulge every
reasonable inference in favor of the non-movant and resolve any doubts in its favor. 
Johnson, 891 S.W.2d at 644; Lawson v. B Four Corp., 888 S.W.2d 31, 33 (Tex.
App.--Houston [1st Dist.] 1994, writ denied). We take all evidence favorable to the
non-movant as true. Johnson, 891 S.W.2d at 644; Lawson, 888 S.W.2d at 33. 

B. No-evidence Summary Judgment

 A no-evidence summary judgment is properly granted if the non-movant fails
to produce more than a scintilla of evidence to raise a genuine issue of material fact
as to an essential element of the non-movant's claim on which the non-movant would
have the burden of proof at trial. Flameout Design & Fabrication, Inc. v. Pennzoil
Caspian Corp., 994 S.W.2d 830, 834 (Tex. App.--Houston [1st Dist.] 1999, no pet.).
More than a scintilla of evidence exists when the evidence "rises to a level that would
enable reasonable and fair-minded people to differ in their conclusions." See
Burroughs Wellcome Co. v. Crye, 907 S.W.2d 497, 499 (Tex. 1995). When
reviewing a no-evidence summary judgment, we must consider the evidence in the
light most favorable to the non-movant and make all inferences in the non-movant's
favor. Tex. R. Civ. P. 166a(i); Morgan v. Anthony, 27 S.W.3d 928, 929 (Tex. 2000);
Flameout Design & Fabrication, 994 S.W.2d at 834. 

 When a trial court does not state the basis for its decision in its summary
judgment order, as in this case, we must uphold the order if any of the theories
advanced in the motion is meritorious. Rogers v. Ricane Enters., Inc., 772 S.W.2d
76, 79 (Tex. 1989).

Analysis

A. Negligence

 In her first point of error, appellant asserts that the trial court erred in granting
summary judgment on her negligence claim because sufficient evidence of 
negligence exists.

 Appellant contends that summary judgment was erroneously granted on her
negligence claim on the basis of Timberwalk Apartments, Partners, Inc. v. Cain, 972
S.W.2d 749 (Tex. 1998). In the first point of error, appellant asserts that this is not
a Timberwalk case because Timberwalk addresses a landlord's liability for attacks by
unknown persons. Appellant contends that this is an ordinary negligence case based
on appellees' failure to protect against a known threat from a known individual. This
is a distinction without a legal difference. 

 To recover in negligence, a plaintiff must establish a legal duty owed by the
defendant, a breach of that duty, and damages proximately caused by that breach. Lee
Lewis Constr., Inc. v. Harrison, 70 S.W.3d 778, 782 (Tex. 2001). The threshold
inquiry in a negligence case is whether the defendant owes a legal duty to the
plaintiff. Centeq Realty, Inc. v. Siegler, 899 S.W.2d 195, 197 (Tex. 1995). The
existence of a legal duty presents a question of law for the court to determine from
the facts surrounding the occurrence in question. Id.

 In Timberwalk, the supreme court distinguished between liability for negligent
activity and premises liability for failing to remedy an unreasonable risk of harm due
to the condition of the premises. 972 S.W.2d at 753. The court held that recovery for
negligent activity requires that a person have been injured by the activity itself, rather
than by a condition created by the activity; in contrast, recovery for premises liability
depends upon a failure to use ordinary care to reduce or to eliminate an unreasonable
risk of harm created by a premises condition about which the owner (or occupier)
knows or, in the exercise of ordinary care, should know. Id. The court held that a
complaint that a landowner failed to provide adequate security against criminal
conduct is ordinarily a premises-liability claim. Id. Premises-liability, thus, is a
special form of negligence, distinguishable from negligent activity. See Keetch v.
Kroger Co., 845 S.W. 2d 262, 264 (Tex. 1992).

 In Timberwalk, a tenant who had been raped in her apartment sued the landlord
and management company for negligent failure to provide adequate security. 972
S.W.2d at 751. The tenant asserted that the landlord's failure to provide adequate
security measures created an unreasonable risk of harm about which the landlord
knew or should have known, but failed to correct. Id. at 753. The court held that the
plaintiff presented a premises-liability claim and that the lower court had properly
refused a request to charge the jury under a negligent-activity theory. Id. Appellant's
claim falls squarely within the scope of Timberwalk. 

 We disagree with appellant's contention that, because Zuniga was a known
person (a tenant), Timberwalk does not apply to this situation. Although Timberwalk
involves an attack by a non-tenant, and this case involves an attack by another tenant,
Timberwalk outlines the necessary requirements to establish a duty to protect invitees
from criminal acts of a "third person." We do not agree that a "third person" is
limited to non-tenants or unknown persons. We conclude that the law set forth in
Timberwalk applies both to known persons, such as tenants, and to unknown persons,
such as non-tenants, and that this case is properly construed as a premises-liability
case, not a negligence case. We hold that Timberwalk is the appropriate standard and,
therefore, address whether summary judgment was proper, under Timberwalk. 

 We overrule appellant's first point of error.

B. Premises Liability

 In their motion for summary judgment, appellees asserted that (1) they neither
had a duty to appellant nor, if they had any duty, breached that duty because the
criminal act was not foreseeable and (2) even if the criminal act was foreseeable,
there is no evidence that appellees' actions were unreasonable in light of the
foreseeable risk. In her second point of error, appellant contends that she presented
sufficient summary judgment evidence to show that there are genuine issues of
material fact as to the existence of a duty on the part of appellees, proximate cause, 
and a breach of appellees' duty. Therefore, appellant argues that summary judgment
was improperly granted on her premises-liability claim.

 Foreseeability is a component of both duty and proximate cause. Doe v. Boys
Club of Greater Dallas, Inc., 907 S.W.2d 472, 477 (Tex. 1995) (finding the
components of proximate cause are cause-in-fact and foreseeability); Greater
Houston Transp. Co. v. Phillips, 801 S.W.2d 523, 525 (Tex. 1990) (recognizing
foreseeability is foremost and dominant consideration in determining whether a duty
exists). Proximate cause incorporates two elements: cause-in-fact and foreseeability.
Doe, 907 S.W.2d at 477.

 Although foreseeability is a component of both duty and proximate cause,
Texas courts have not clearly defined the relationship existing among duty, proximate
cause, and foreseeability. The Texas Supreme Court's opinion in Mellon Mortgage
Company v. Holder reflects this lack of clarity. See id., 5 S.W.3d 654, 655 (Tex.
1999). The three-justice plurality opinion in Mellon states that the foreseeability
analysis is the same for both duty and proximate cause. Id. at 659. On the other
hand, the three-justice dissenting opinion and Justice Baker's concurring opinion
suggest that the focus of the foreseeability analysis should be on proximate cause
instead of duty. Id. at 666 (O'Neill, J., dissenting), Id. at 663 (Baker, J., concurring). 
Regardless of the distinction between foreseeability as an element of duty and
foreseeability as an element of proximate cause, we examine foreseeability, generally,
to resolve this appeal.

 1. Existence of Legal Duty

 Foreseeability is the dominant consideration in determining whether a duty
exists. Greater Houston Transp. Co., 801 S.W.2d at 525. In general, there is no legal
duty to protect another from criminal acts of a third person. Timberwalk, 972 S.W.2d
at 756. However, an exception to the general rule is that "[o]ne who controls . . . [a]
premises does have a duty to use ordinary care to protect invitees from criminal acts
of third parties if he knows or has reason to know of an unreasonable and foreseeable
risk of harm to the invitee." Id. This exception applies to landlords who retain
control over the security and safety of the premises. Id. Such landlords have a duty
to protect their invitees only when the risk of criminal conduct is so great that it is
both unreasonable and foreseeable. Id. Factors that the court should consider in
determining whether certain criminal conduct is foreseeable are (1) whether any
criminal conduct previously occurred on or near the property, (2) how recently such 
conduct occurred, (3) how often it occurred, (4) how similar the prior conduct was to
the conduct on the property, and (5) what publicity was given the occurrences to
indicate that the landowner knew or should have known about them. Id. at 757.

 Here, it is undisputed that Front Royale Apartments retained control over the
security and safety of the premises. The question, therefore, is whether appellees
established as a matter of law that they had no duty to protect Front Royale
Apartment's tenants from sexual assault at the complex. In answering this question,
we compare the facts of this case with those of Timberwalk.

 For a landowner to foresee criminal conduct on property, there must be
evidence that other crimes have occurred on the property or in its immediate vicinity. 
Id. The Timberwalk court emphasized that criminal activity occurring farther from
the landowner's property becomes less relevant than crime in the immediate vicinity. 
See id. The occurrence of a significant number of crimes within a short time period
strengthens the claim that the particular crime at issue was foreseeable. Id. at 758. 
The complete absence of previous crimes, or the occurrence of a few crimes over an
extended time period, negates the foreseeability element. Id. Although prior crimes
need not be identical, they must be sufficiently similar to the crime in question to
place the landowner on notice of the specific danger. Id. Finally, the publicity
surrounding the previous crimes helps to determine whether a landowner knew or
should have known of a foreseeable danger. Id. Actual notice by the landlord
strengthens the claim that future crime was foreseeable, but unreported criminal
activity is no evidence of foreseeability. Id. at 758-59. Property owners have no duty
to regularly inspect criminal records to determine the risk of crime in the area. Id. at
759. A landlord can be expected to have knowledge of widely publicized criminal
activity. Id. These factors--proximity, recency, frequency, similarity, and
publicity--must be considered together in determining whether criminal conduct was
foreseeable. Id. 

 In Timberwalk, no violent personal crime had occurred at the apartments for
the 10 years preceding the tenant's sexual assault. Id. The only crimes that had
occurred in the complex involved a tire-slashing, a car burglary, and a car theft. Id. 
In the year preceding the sexual assault, only one sexual assault had occurred within
a one-mile radius of the Timberwalk Apartments. Id. Although six assault-type
crimes had occurred in neighboring complexes, there was no evidence that they had
been publicized or that Timberwalk's landlord had knowledge about them. Id. Based
on these factors, the Timberwalk court held that the risk of sexual assault was not
foreseeable to Timberwalk and, therefore, that no duty was owed to provide
additional security. Id.

 In this case, in contrast, appellant offered police records of eight crimes that
had occurred at the Front Royale Apartments in the three years before this crime. A
synopsis of the crimes follows:

 1. Attempted Sexual Assault--March 1, 1997

 2. Robbery--March 31, 1997

 3. Aggravated Assault--September 8, 1998

 4. Aggravated Robbery--November 14, 1998

 5. Capital Murder--January 6, 1999

 6. Murder--August 27, 1999

 7. Aggravated Robbery--September 1, 1999 

 8. Aggravated Robbery--October 30, 1999


One of the murders involved a tenant and his guest, while the other murder appears
to have involved an outsider (possibly gang related) who murdered a tenant near the
laundry facilities. The attempted sexual assault involved an adult male tenant and a
neighboring adult female tenant. The aggravated robbery in September of 1999 
involved the robbery of an apartment-complex employee by possible gang members. 
 The previous crimes must be sufficiently similar to the crime in question in
order to place the landowner on notice of the specific danger. Id. at 758. However,
the prior crimes need not be identical. Id. In Timberwalk, for example, the court held
that prior incidents of vandalism and theft did not make the stabbing of a guest
foreseeable. Id. However, a string of assaults and robberies in an apartment complex
makes the risk of other violent crimes, such as murder and rape, foreseeable. See id.

 We apply the factors--proximity, recency, frequency, similarity, and
publicity--to the evidence before us. Appellant presented evidence of eight crimes:
seven crimes occurred on the apartment-complex premises, and one crime occurred
very near the complex, as a tenant was walking from his apartment. A significant
number of violent crimes had occurred at the Front Royale Apartments within a
period of less than three years, in contrast to the lack of violent crimes over a 10-year
period at the apartments in the Timberwalk case. Although none of the earlier
identified crimes in this case was identical to the sexual assault of L. U., they were
sufficiently similar in that they were violent personal crimes, making the risk of other
violent crimes foreseeable. See id. Additionally, summary judgment evidence was
presented that appellees had actual knowledge of many of these crimes and that many
of the tenants had heard about some of the crimes, thus satisfying the publicity factor.

 Applying the Timberwalk factors to the summary judgment evidence, which
we view in the light most favorable to appellant, we conclude that a genuine issue of
material fact exists regarding whether it was reasonably foreseeable to appellees that
the residents of Front Royale Apartments would be subjected to violent criminal acts,
including sexual assault. Thus, a genuine issue of material fact exists related to the
determination of whether appellees owed appellant a legal duty to protect her and her
family from the criminal acts of third parties. 

 2. Proximate Cause

 Having concluded that there is a genuine issue of material fact related to the
legal duty owed by appellees to appellant, we now examine the existence of
proximate cause. As previously stated, the two elements of proximate cause are
cause-in-fact and foreseeability. Doe, 907 S.W.2d at 477. We have decided that a
genuine issue of material fact exists with respect to foreseeability. Accordingly, a
genuine issue of material fact also exists as to proximate cause. 

 3. Breach of Duty

 Citing Timberwalk, appellees contended in their motion for summary judgment
that, even if the event were foreseeable, there is no "evidence" that appellees' actions
were "unreasonable." We construe such contention to be an argument that, even if
appellees owed a duty to appellant, appellees did not breach that duty. Before
deciding whether appellant produced more than a scintilla of evidence to show that
appellees breached their duty, we point out that appellees misstate the supreme
court's standard enunciated in Timberwalk. The Timberwalk court did not require
that, upon a finding of a landlord's duty to protect a tenant, the landlord had to act
unreasonably in order to breach that duty. Rather, the court held that, once there is
a finding of unreasonable and foreseeable risk of harm to a tenant, the landlord has
a duty to use ordinary care to protect tenants against criminal activity. Timberwalk,
972 S.W.2d at 756.

 On appeal, appellant contends that appellees breached their duty to protect
appellant and her family from the criminal acts of third parties. The record reveals
that appellant presented summary judgment evidence probative of whether appellees
used ordinary care to protect the residents of Front Royale Apartments from the
criminal acts of third parties. Appellant testified in her deposition that, at the time of
the rape, Front Royale Apartments had not replaced its previously terminated security
company and that she had complained to management several times over the months
preceding the rape about the lack of security. The apartment manager, appellee
Michon, testified that she did not request or obtain police reports of calls related to
criminal activity in the area, as recommended by the Texas Apartment Association's
"Red Book," which she claimed that she used as a guide to operating Front Royale
Apartments. Moreover, Michon testified that she was not interested in the reports
because she "was pretty much on top of what was going on her property." In
addition, various witnesses testified that, although Front Royale Apartments
"required" certain documents, such as social security cards, drivers licenses, and
criminal-background checks, these documents were missing from a number of the
tenants' files.

 Considering the above evidence in the light most favorable to appellant, we
find that reasonable minds could differ as to whether appellees used ordinary care. 

 4. Conclusion

 We hold that summary judgment was improperly rendered on appellant's cause
of action related to premises liability because genuine issues of material fact exist
regarding whether L.U.'s sexual assault was foreseeable and whether appellees
breached their legal duty to protect appellant and her family from the criminal acts of
third parties. Accordingly, we sustain appellant's second point of error.

Conclusion

 We reverse the trial court's judgment as it relates to appellant's premises
liability claim and remand to the trial court for further proceedings. The remainder
of the judgment, relating to appellant's claims for breach of contract, implied
warranty of habitability, and violations of the DTPA, is not challenged on appeal, and
thus remains intact. 

 

 Laura C. Higley 

 Justice

 

Panel consists of Justices Taft, Keyes, and Higley.
1. Tex. Bus. & Com. Code Ann. §§ 17.41 - 17.63 (Vernon Supp. 2003).