In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-07-00566-CV


____________________



ELIJAH W. RATCLIFF, Appellant



V.



LHR, INC., Appellee






On Appeal from the 258th District Court


Polk County, Texas


Trial Cause No. CIV 22975






 MEMORANDUM OPINION


 Elijah W. Ratcliff appeals from the trial court's final judgment in Cause Number CIV
22975. The trial court's judgment reflects that it granted the motion for summary judgment
of the plaintiff, LHR, Inc., on its breach of contract claim against Ratcliff and granted LHR's
no evidence motion for summary judgment on Ratcliff's counterclaims. We affirm.



Background

 In July 2006, LHR sued Ratcliff for breaching a retail installment contract under
which Ratcliff had purchased a vehicle. The retail installment contract originated in
November 2001, and LHR subsequently acquired it by assignment from Bank One. Under
the contract, Ratcliff promised to pay $357.95 for sixty-six months. According to LHR,
Ratcliff failed to make the promised payments and LHR claimed $17,968.76 in damages. 

 Ratcliff first removed the case to federal court, but that court remanded the case to
state court. In August 2006, Ratcliff filed counterclaims against LHR for "relief from credit
discrimination and civil rights abuses." In his counterclaim, Ratcliff complains about the car
dealership that sold him the car, a 2001 Chrysler Sebring, and he asserts that Bank One knew
and acquiesced in "the irregularities and illegalities tainting the subject transaction[.]" 
Nevertheless, Ratcliff never sought to make Bank One or the dealership, where he purchased
the vehicle, parties in the case.

 On June 15, 2007, LHR filed a motion for summary judgment on its contract claim
and a no evidence motion for summary judgment on Ratcliff's counterclaims. On June 20,
2007, Ratcliff filed a "First Supplemental Motion for Discovery Order" in which he
requested the court to compel LHR "to give proper responses to [his] Rule 194 Request for
Disclosures and Rule 197 Interrogatories . . . ." On July 5, 2007, LHR supplemented its
answers to interrogatories; subsequently, although Ratcliff continued to assert that LHR had
not met its discovery obligation, Ratcliff failed to secure a hearing on his Motion for
Discovery.

 In September 2007, LHR filed its first amended motion for summary judgment on its
contract claim which it combined with a no evidence motion for summary judgment on
Ratcliff's counterclaims. On September 11, 2007, Ratcliff filed a motion requesting
sanctions against LHR for its alleged failure to "give proper responses" to his requested
discovery. Ratcliff also filed a response to LHR's combined motion for summary judgment
and no evidence motion for summary judgment. Ratcliff attached his affidavit to the
response; he complained about the adequacy of LHR's discovery responses.

 The court conducted a hearing on LHR's motions for summary judgment on October
30, 2007. There is a transcript of the hearing; it reflects that Ratcliff was present and was
given an opportunity to present argument. The trial court granted LHR's summary judgment
motion and awarded LHR $17,968.76 on its contract claim and $5,989.59 in attorney's fees. 
The trial court also granted LHR's no evidence motion for summary judgment on Ratcliff's
counterclaims. In eleven issues, Ratcliff appeals. 

Timing of Summary Judgment Hearing

 Most of Ratcliff's issues on appeal concern his complaint that the trial court erred in
not compelling LHR to more thoroughly answer his discovery requests. Although Ratcliff's
complaints on appeal are not entirely clear, we construe Ratcliff's issues to assert that the
trial court should have allowed more time for discovery prior to disposing of the case on
summary judgment. 

 LHR sued Ratcliff in July 2006, claiming discovery would be conducted under level
one of the discovery control plan. See Tex. R. Civ. P. 190.2. Ratcliff filed his counterclaims
against LHR in August 2006. Ratcliff propounded requests for disclosure and ten
interrogatories to LHR on December 9, 2006. LHR responded to Ratcliff's discovery on
January 11, 2007, and supplemented its responses to the interrogatories on July 5, 2007. 
LHR's supplemental responses to the interrogatories were filed as part of the record. LHR
filed its no evidence motion for summary judgment on June 15, 2007, and its amended no
evidence motion for summary judgment on September 10, 2007. In response to LHR's
amended motion, Ratcliff filed objections to the motion on September 12, 2007. The
summary judgment hearing occurred on October 30, 2007. Thus, over a year expired
between the time LHR and Ratcliff filed claims against each other and the date the trial court
granted LHR affirmative relief on its summary judgment and disposed of Ratcliff's
counterclaims on LHR's no evidence motion. 

 Appellate courts review a trial court's determination of whether there was an adequate
time for discovery on a case-by-case basis under an abuse of discretion standard. Specialty
Retailers, Inc. v. Fuqua, 29 S.W.3d 140, 145 (Tex. App.-Houston [14th Dist.] 2000, pet.
denied). To preserve a complaint that the trial court's decision on a summary judgment
motion was premature, the party claiming it did not have adequate time for discovery must
file either an affidavit explaining the need for further discovery or a verified motion for
continuance. Tenneco, Inc. v. Enterprise Prods. Co., 925 S.W.2d 640, 647 (Tex. 1996). 
Ratcliff did not file a motion for continuance. He did, however, file an affidavit in support
of his objections to LHR's combined motions for summary judgment. Nevertheless, in this
level-one discovery case, Ratcliff's affidavit fails to sufficiently explain the necessity for
further discovery on the issues raised by LHR's motions or to sufficiently explain the
necessity for further discovery on his counterclaims. 

 For instance, Ratcliff's affidavit does not specify the additional necessary discovery
he believed to be required to adequately respond to LHR's motions for summary judgment. 
Rather, Ratcliff generally asserts that LHR had not answered the interrogatories by fully
disclosing related parties or other parties with knowledge concerning the transaction. 
Further, while Ratcliff filed a motion to compel after LHR filed its motions for summary
judgment, the record does not show that he ever obtained a hearing on his motion. Moreover,
Ratcliff propounded ten interrogatories and LHR responded to them all, including
supplementing its responses more than three months before the summary judgment hearing. 
Even if the trial court had considered Ratcliff's objections, our review of LHR's responses
leads us to conclude that LHR's answers adequately responded to Ratcliff's interrogatories. 
On appeal, because the record does not contain LHR's responses to the requests for
disclosure, Ratcliff has failed to produce a record to carry his burden of persuasion that the
response to the disclosure requests are inadequate. See Tex. R. Civ. P. 194.1; Tex. R. App.
P. 44.1(a). Finally, at the summary judgment hearing, Ratcliff did not request a continuance
for lack of adequate discovery or identify the additional discovery, if any, that he needed to
adequately respond to LHR's motions. Under these circumstances, considering (1) the
amount of time that passed between Ratcliff filing his counterclaims against LHR and the
date of the summary judgment hearing, (2) Ratcliff's lack of diligence in securing a hearing
on his complaints about the adequacy of LHR's discovery responses, (3) Ratcliff's failure
to bring his complaints concerning the adequacy of LHR's discovery responses to the trial
court's attention during the summary judgment hearing, and (4) Ratcliff's failure to identify
the additional discovery he believed necessary to respond at the hearing, we cannot conclude
that the trial court abused its discretion in proceeding to judgment. See Specialty Retailers,
29 S.W.3d at 145. To the extent that Ratcliff's issues complain that the court should have
delayed proceeding to judgment, they are overruled.

No Evidence Motion for Summary Judgment on Ratcliff's Counterclaim

 We next address Ratcliff's issues that we construe to be a challenge to the merits of
the trial court's decision to grant LHR's no evidence motion for summary judgment. After
an adequate time for discovery, the party without the burden of proof may, without
presenting evidence, move for summary judgment on the ground that there is no evidence to
support an essential element of the adverse party's claim or defense. Tex. R. Civ. P. 166a(i). 
When the no evidence motion is in proper form, the burden shifts to the respondent to
produce summary judgment evidence raising a genuine issue of material fact regarding each
element challenged. Mack Trucks, Inc. v. Tamez, 206 S.W.3d 572, 582 (Tex. 2006); Weaver
v. Highlands Ins. Co., 4 S.W.3d 826, 829, n.2 (Tex. App.-Houston [1st Dist.] 1999, no pet.). 
A fact issue exists if the evidence "rises to a level that would enable reasonable and fair-minded people to differ in their conclusions." King Ranch, Inc. v. Chapman, 118 S.W.3d
742, 751 (Tex. 2003). If the evidence does no more than create a mere surmise or suspicion
of fact, less than a scintilla of evidence exists, and summary judgment is proper. Id.; see also
Tex. R. Civ. P. 166a(i). When reviewing a no evidence motion for summary judgment,
appellate courts must disregard all contrary evidence and inferences, and review the evidence
in the light most favorable to the non-movant. King Ranch, 118 S.W.3d at 751.

 LHR's no evidence motion for summary judgment challenges one or more elements
of each of Ratcliff's counterclaims against LHR. Ratcliff's objections to LHR's motion,
liberally construed as Ratcliff's response, address only the issue of the adequacy of
discovery; Ratcliff did not produce any evidence to raise a genuine issue of material fact on
his counterclaims.

 Because Ratcliff failed to produce more than a scintilla of evidence, the trial court
properly granted LHR's no evidence motion for summary judgment disposing of Ratcliff's
counterclaims. To the extent Ratcliff's issues argue the trial court erred in granting LHR's
no evidence motion for summary judgment, we overrule those issues.

Summary Judgment on LHR's Contract Claim

 We also liberally construe Ratcliff's brief as raising an issue that questions whether
the trial court properly granted LHR's motion for summary judgment on its breach of
contract claim. Appellate courts review a trial court's decision to grant a traditional summary
judgment under a de novo standard. Provident Life & Accident Ins. Co. v. Knott, 128 S.W.3d
211, 215 (Tex. 2003). To succeed in a traditional motion for summary judgment, the movant
must establish that there is no genuine issue of material fact so that the movant is entitled to
judgment as a matter of law. Tex. R. Civ. P. 166a(c); W. Invs., Inc. v. Urena, 162 S.W.3d
547, 550 (Tex. 2005). "A plaintiff moving for summary judgment must prove that it is
entitled to summary judgment as a matter of law on each element of its cause of action." 
Winchek v. Am. Express Travel Related Servs. Co., Inc., 232 S.W.3d 197, 201 (Tex.
App.-Houston [1st Dist.] 2007, no pet.). Once the movant conclusively establishes its cause
of action, the burden shifts to the non-movant to respond with evidence raising a genuine
issue of material fact that would preclude summary judgment. See Rhone-Poulenc, Inc. v.
Steel, 997 S.W.2d 217, 222-23 (Tex. 1999). We consider the evidence in the light most
favorable to the non-movant and resolve any doubt in the non-movant's favor. Nixon v. Mr.
Property Mgmt. Co., 690 S.W.2d 546, 548-49 (Tex. 1985). When "the trial court's order
granting summary judgment does not specify the basis for the ruling, we must affirm the trial
court's judgment if any of the theories advanced are meritorious." Urena, 162 S.W.3d at 550
(citing Rogers v. Ricane Enters., Inc., 772 S.W.2d 76, 79 (Tex. 1989)).

 To recover for breach of contract, a plaintiff must prove the existence of a valid
contract, that the plaintiff performed, that the defendant breached the contract, and that the
defendant's breach caused plaintiff injury. Winchek, 232 S.W.3d at 202. Recovery of
attorney's fees from an adverse party is allowed when a contract or statute permits the
recovery. Tony Gullo Motors I, L.P. v. Chapa, 212 S.W.3d 299, 310 (Tex. 2006). 

 In this case, LHR attached the installment contract between Bank One and Ratcliff
to its summary judgment motion to evidence the written contract. LHR's motion also
contains affidavits stating that Bank One assigned the contract to LHR. The affidavits
explain that Ratcliff promised to pay for the goods he purchased under the contract, but that
he breached the promise by refusing to pay the agreed installments specified under the
contract, and as a result, LHR suffered $17,968.76 in damages. The affidavits' attachments
include authenticated copies of correspondence between Bank One and Ratcliff and LHR and
Ratcliff requesting payment following Ratcliff's failure to pay the promised installments. 
The sworn "Statement of Account" is consistent with the amount that LHR claims in
damages, $17,968.76. We conclude that LHR's motion for summary judgment on its breach
of contract claim conclusively establishes its cause of action and therefore, Ratcliff bore the
burden of raising a genuine issue of material fact at the hearing.

 With respect to the trial court's award to LHR of attorney's fees, LHR moved for
attorney's fees in its motion for summary judgment and argued that the award was
appropriate because the contract at issue provided for recovery of attorney's fees in the event
of default; LHR also asserted in its motion that it was authorized by statute to recover its
attorney's fees. See Tex. Civ. Prac. & Rem. Code Ann. §§ 38.001, 38.002 (Vernon 2008)
(containing the statutory procedure governing the recovery of statutory attorney's fees for 
written breach of contract claims).

 Ratcliff's installment contract, attached as part of LHR's summary judgment proof,
provides for the recovery of attorney's fees in the event of the debtor's default. An affidavit
by an attorney referenced in LHR's summary judgment motion and contained in the clerk's
record asserts the reasonable and necessary fees incurred in this matter are at least $5,989.59.
Additionally, the attorney's affidavit explains that LHR demanded payment of its claim more
than thirty days before it filed its motion for summary judgment and that the claim remained
unpaid.

 Ratcliff offered no summary judgment evidence to dispute any of the elements of
LHR's beach of contract claim or its attorney's fee claim. The affidavit attached to Ratcliff's
objections to LHR's motion for summary judgment addresses Ratcliff's complaints about
discovery. Even if we liberally construed Ratcliff's affidavit in the trial court and briefs filed
in this Court to assert an argument that he was not the proper party to a claim that LHR
obtained by an assignment, we note that Ratcliff admits in his reply brief that "there is no
dispute that Elijah W. Ratcliff, Appellant, is a proper party to the immediate proceeding." 
Moreover, Ratcliff also specifically states in his reply brief that he does not contend that the
document he executed was not contractual in nature. Under Texas law, contracts for debt are
generally assignable. See, e.g., Crim Truck & Tractor Co. v. Navistar Int'l Transp. Corp.,
823 S.W.2d 591, 596 (Tex. 1992). 

 In summary, viewing the evidence in the light most favorable to Ratcliff, he failed to
respond with evidence raising a genuine issue of material fact that would preclude LHR's
summary judgment on its contract claim. See Rhone-Poulenc, 997 S.W.2d at 222-23; see
also Mr. Property Mgmt. Co., 690 S.W.2d at 548-49. After reviewing the evidence, we find
that LHR established its beach of contract claim and attorney's fees award as a matter of law
and that no genuine issue of material fact exists. Tex. R. Civ. P. 166a(c); Urena, 162 S.W.3d
at 550. Accordingly, we conclude that the trial court did not err in granting LHR's motion
for summary judgment on its contract claim or in awarding LHR a recovery of attorney's
fees. To the extent that any of Ratcliff's issues challenge the trial court's grant of summary
judgment on LHR's contract claim and attorney's fees award, we overrule those issues.

 We hold the trial court properly granted LHR's motion for summary judgment on its
contract claim and attorney's fees award and properly granted LHR's no evidence motion for
summary judgment disposing of Ratcliff's counterclaim. Having overruled all of Ratcliff's
issues, we affirm the judgment of the trial court. (1) 

 AFFIRMED.

 ____________________________

 HOLLIS HORTON

 Justice


Submitted on April 2, 2009

Opinion Delivered May 28, 2009

Before McKeithen, C.J., Gaultney and Horton, JJ.
1. In his reply brief, Ratcliff raises additional issues that were not included in his
original brief. Because the issues are not properly before us, we do not address Ratcliff's
new issues, and we limit our analysis to the issues raised in Ratcliff's opening brief. Dallas
County v. Gonzales, 183 S.W.3d 94, 104 (Tex. App.-Dallas 2006, pet. denied) ("A reply
brief may not be used to raise new issues."); see also Tex. R. App. P. 38.3.