**Affirmed; Opinion Filed June 7, 2016.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-14-01295-CV

**LBSP, INC., Appellant**
**V.**
**FOREST DALE, INC., Appellee**

**On Appeal from the 162nd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-13-10542**

## MEMORANDUM OPINION

Before Justices Francis, Evans, and Stoddart
Opinion by Justice Evans

Appellant LBSP, Inc. asserts that the trial court committed reversible error by (1) granting appellee Forest Dale, Inc.'s motion for summary judgment and (2) sustaining Forest Dale's objections to LBSP's summary judgment evidence. We affirm.

### BACKGROUND

Forest Dale is the owner of Forest Dale Apartments, an independent living community for senior citizens. The United States Department of Housing and Urban Development ("HUD") is the owner and holder of two promissory notes secured by the property. In 2010, Forest Dale and LBSP entered into a contract in which LBSP agreed to purchase the property from Forest Dale. The contract had an effective date of October 4, 2010. It also had an approval period of twenty-four months which ended on October 4, 2012. During the approval period, LBSP could

determine whether it wanted to buy the property. Section 8.1 of the contract provided for a "Closing Date" which was "one hundred twenty (120) days after the expiration of the Approval Period" (January 31, 2013). Section 8.1 also provided that "[i]f applicable, the Closing Date shall be automatically extended to the date which is one hundred twenty (120) days after the date [LBSP] has received written notice that (i) [Forest Dale] has satisfied all title conditions and (ii) the HUD Approval has been obtained." In short, LBSP was required to close on the sale by January 31, 2013 unless the parties agreed to a different date or LBSP was entitled to an extension.

The contract also contained a provision regarding the debt owed by Forest Dale to HUD. The contract noted that HUD took the position that any prepayment required its approval which it had previously refused to provide. Forest Dale and LBSP wanted to obtain either HUD approval for prepayment or a final judicial determination that HUD approval for prepayment was not required. Accordingly, in the contract, Forest Dale authorized LBSP, at LBSP's expense, to obtain such approval on Forest Dale's behalf and to initiate litigation to obtain a judicial determination that HUD approval was not required.

The closing did not occur. LBSP sent Forest Dale a letter dated January 30, 2013, claiming to invoke the HUD-approval 120-day extension of the closing date beyond January 31, 2013. On March 4, 2013, Forest Dale notified LBSP by letter that the extension was inapplicable and the contract had expired.

LBSP continued to pursue HUD approval and filed suit against Forest Dale alleging breach of contract and seeking specific performance of the contract. In the petition, LBSP alleged that although it did submit a proposal to HUD for the prepayment of the HUD indebtedness, it was delayed in submitting the proposal because Forest Dale did not provide the necessary financial information.

In its answer, Forest Dale alleged that LBSP was required to use "reasonable efforts" to obtain HUD approval prior to closing the real estate transaction. Forest Dale alleged that it "timely provided all of LBSP's requested due diligence items" but that LBSP did not formally seek HUD approval until December 4, 2012, two years and two months after the contract's effective date and fifty-nine days before the end of the 120 day closing period.[1] Forest Dale argued that because LBSP failed to obtain HUD approval, or use reasonable efforts to obtain HUD approval, that the contract expired. Forest Dale then asserted a counterclaim for declaratory judgments that (1) the contract had terminated,[2] and (2) LBSP failed to use reasonable efforts to obtain HUD approval.

Forest Dale also filed a traditional summary judgment motion on its counterclaim and on all of LBSP's claims, asserting three independent grounds: (1) the contract had terminated according to its terms; (2) LBSP failed to use reasonable efforts to obtain HUD approval; and (3) alternatively, LBSP failed to obtain HUD approval within a reasonable time.

The trial court granted a partial summary judgment to Forest Dale in the form of declaratory relief and determined that: (1) the contract required LBSP to close within a reasonable amount of time and LBSP had not done so; (2) the contract was no longer in force; and (3) LBSP failed to use reasonable efforts to obtain HUD approval pursuant to the contract. Forest Dale nonsuited its claim for attorney's fees and the trial rendered final judgment. LBSP filed this appeal.

---

[1] Forest Dale specifically argued in the motion that it provided all of the due diligence items to LBSP by December 2010 with the exception of a property survey.

[2] Forest Dale specifically requested that the trial court declare: (1) the contract permitted LBSP to have only a reasonable period of time after the expiration of 120 days after the approval period to close; (2) LBSP has failed to close within a reasonable period of time after the expiration of 120 days after the approval period; and (3) the contract is terminated and of no further force or effect.

**ANALYSIS**

## A.     Summary Judgment

In its first issue, LBSP challenges the summary judgment arguing that there was at least a genuine issue of material fact regarding whether or not LBSP had a reasonable amount of time to close the transaction.

### 1)     Standard of review

We review the trial court's traditional summary judgment de novo. *See Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005). The party moving for summary judgment bears the burden of proof. *Neely v. Wilson*, 418 S.W.3d 52, 59 (Tex. 2013). Under rule 166a(c), the moving party must show that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law. *See* TEX. R. CIV. P. 166a(c); *W. Inv., Inc. v. Urena*, 162 S.W.3d 547, 550 (Tex. 2005). Further, in reviewing a summary judgment, we consider the evidence in the light most favorable to the non-movant and resolve any doubt in the non-movant's favor. *Urena*, 162 S.W.3d at 550. When a trial court's order granting summary judgment does not specify the grounds upon which it was granted, reviewing courts will affirm the judgment if any of the grounds presented to the trial court in the motion for summary judgment that have been preserved for appellate review are meritorious. *Provident Life & Accident Ins. Co. v. Knott*, 128 S.W. 3d 211, 216 (Tex. 2003).

### 2)     Failure to Close within Reasonable Time

LBSP argues that the trial court committed reversible error when it granted summary judgment to Forest Dale on its counterclaim and dismissed LBSP's claim for specific performance on the ground that LBSP failed to close within a reasonable period of time after the

–4–

expiration of 120 days after the approval period.[3] In essence, the trial court decided summary judgment on the basis of the more lenient of the two possible closing dates: (1) the January 31, 2013 closing date because HUD approval had not been obtained by that date; or (2) a reasonable time after the January 31, 2013 closing date to obtain HUD approval and then close. We will limit our review to the trial court's decision.

### i) Ground for summary judgment

LBSP first argues that the trial court erred because Forest Dale did not seek summary judgment on this ground. We disagree. On the first page of its motion for summary judgment, Forest Dale argues that the "plain language of the Contract makes clear that it has terminated." In its first ground for summary judgment, Forest Dale argued that the contract terminated on January 31, 2013 (120 days after the expiration of the approval period). However, Forest Dale also made an alternative argument in its summary judgment motion that "even if the Contract is interpreted to permit closing within a 'reasonable time,' such time has long passed as a matter of law." Forest Dale clarified in its summary judgment motion that "even if LBSP is correct in that the possible extension for the Closing Date does not apply until LBSP obtains HUD Approval," then LBSP should have closed the contract in a reasonable amount of time after the closing date. Accordingly, Forest Dale clearly sought summary judgment on the ground that the contract terminated based on LBSP having only a reasonable amount of time after the expiration of the 120 days after the approval period and LBSP failed to close within a reasonable amount of time.

---

[3] This addresses appellant's sub-issue 1(A) regarding Forest Dale's declaratory judgment counterclaim and the third argument of sub-issue 1(C) related to the dismissal by summary judgment of LBSP's claim for specific performance.

*ii) Failed to interpret section 8.1 in context of whole contract*

LBSP next argues the trial court relied upon section 8.1 of the contract in isolation rather than interpreting that section in the context of the whole contract when the trial court decided that LBSP had only a reasonable period of time after the January 31, 2013 closing date. In support of this contention, LBSP argues that the trial court failed to harmonize the entire contract by incorrectly determining that (1) the extension of 120 days following January 31, 2013 in section 8.1 of the contract was not an automatic extension and (2) the thirty-two days between January 31 and March 4 was a reasonable amount of time to close the contract. Again, we disagree with LBSP's arguments and will address each argument in sequence.

Our primary concern in contract interpretation is to ascertain the true intentions of the parties as expressed in the agreement. *FPL Energy, LLC v. TXU Portfolio Mgmt. Co, L.P.*, 426 S.W.3d 59, 63 (Tex. 2014). We consider the entire writing to harmonize and effectuate all provisions such that none are rendered meaningless. *Id.* Also, we construe contracts from a utilitarian standpoint bearing in mind the particular business activity to be served. *Id.*

LBSP first argues that the trial court failed to take into consideration sections 7.6.7 and 7.7 (regarding possibility of judicial determination before closing), 9.1 (pertaining to purchaser's available remedies upon seller's default), and 15.13 (standstill agreement) of the contract when determining that the HUD-approval 120-day extension following January 31, 2013 was not automatic. None of these contractual provisions, however, conflict with the trial court's conclusion that the HUD-approval 120-day extension was only triggered if LBSP had obtained HUD approval. Although the contract does anticipate that litigation over HUD approval could take place, the contract also provided LBSP with over two years to complete the task of obtaining HUD approval or obtain through litigation a determination that HUD's approval was not necessary. Neither the default by seller provision nor the standstill agreement provision

contain language which conflict with the trial court's conclusion. Instead, the plain language of section 8.1 speaks for itself and provides that the closing date would only be extended an additional 120 days if the HUD approval had already been obtained. As LBSP had not obtained HUD approval by January 31, 2013 or within a reasonable time thereafter, we conclude that the closing date was not automatically extended for another 120 days.

LBSP further argues that the trial court must have determined that the closing should take place before March 4, 2013 because on that date Forest Dale sent notice to LBSP terminating the contract. LBSP argues thirty-two days between January 31 and March 4 was not a reasonable amount of time to close the contract. The trial court, however, never specified a date in its summary judgment order. Instead, it simply concluded that "LSBP failed to close within a reasonable period of time after the expiration of 120 days after the Approval Period." Further, Forest Dale's April 2, 2014 motion for summary judgment contended that "the parties never closed" and its undisputed summary judgment evidence was that it owned the property. Thus, Forest Dale established as a matter of law that LBSP did not close within the fifteen months following the January 31, 2013 closing date and that was a reasonable amount of time for LBSP to perform under the contract.[4]

### iii) No genuine issue of material fact

Finally, LBSP argues that what constitutes a "reasonable amount of time" is a fact issue that cannot be decided by summary judgment. Forest Dale argues that a "reasonable time" may be determined as a matter of law. The courts themselves appear to have decided that the issue is a mixed question of law and fact:

---

[4] In its motion for summary judgment, Forest Dale argued this period as "approximately 3.5 years after the Effective Date" and contended "Forest Dale *still* has no indication that LBSP has obtained HUD Approval." Although that supported Forest Dale's ground for summary judgment, LBSP challenges, so we analyze here, the reasonableness of the amount of time after the end of the contractual closing period, January 31, 2013.

> Some authorities hold that the question of what is a reasonable time is one of law for the court, while others hold it is a question of fact for the jury. The proper view seems to be that it is a matter of law for the court, when it depends upon the construction of a contract in writing or upon undisputed facts, and that it is a question of fact for the jury when it depends upon facts extrinsic to the contract, and which are matters in dispute.

*McGary v. Campbell*, 245 S.W. 106, 115 (Tex. Civ. App.—Beaumont 1922, writ dism'd w.o.j.).

Here, the undisputed fact is that LBSP did not obtain HUD approval. Without HUD approval, there was no trigger for section 8.1's 120-day extension to apply. Thus, the trial court determined that LBSP only had a reasonable amount of time after January 31, 2013 to perform under the contract. The trial court could also determine, as a matter of law, whether LBSP received a reasonable amount of time to perform. *See KMI Cont'l Offshore Prod. Co. v. ACF Petroleum Co.*, 746 S.W.2d 238, 243 (Tex. App.—Houston [1st Dist.] 1987, writ denied) ("[W]hen the material facts relating to whether a party acted in a reasonable time period are undisputed, a court can resolve the issue as a matter of law."); *Pearcy v. Envtl. Conservancy of Austin & Cent. Tex., Inc.,* 814 S.W.2d 243, 246 (Tex. App.—Austin 1991, writ denied) ("Where the material facts are undisputed, the question of what is a reasonable time is a matter of law."). The trial court could determine as a matter of law that the fifteen months following the closing period was a reasonable amount of time for LBSP to perform under the contract. *See KMI Cont'l Offshore Prod. Co.*, 746 S.W.2d at 245 (holding that 20 months was an unreasonable and unfair length of time as a matter of law to perform under contract). For all the reasons stated above, the trial court did not err when it (1) granted Forest Dale's traditional summary judgment motion on this ground and (2) dismissed LBSP's claim for specific performance on this ground.[5]

---

[5] As we have affirmed the trial court's decision, it is unnecessary for us to reach Forest Dale's cross-point in regard to sub-issue 1(A).

### 3) Remaining Contract Issues

As we affirm the trial court's grant of summary judgment to Forest Dale on its counterclaim and the dismissal of LBSP's claim for specific performance on the ground that LBSP failed to close within a reasonable period of time after the expiration of 120 days after the approval period, we need not reach appellant's remaining sub-issues. Having so concluded, we resolve the first issue against LBSP.

### B. Objections to LBSP's Summary Judgment Evidence

In its second issue, LBSP challenges the trial court's summary judgment evidentiary rulings.

### 1) Standard of review

We review a trial court's ruling on the admissibility of evidence for an abuse of discretion. *See Serv. Corp. Intern. v. Guerra*, 348 S.W.3d 221, 235 (Tex. 2011). A trial court abuses its discretion when it rules without regard for any guiding rules or principles. *See Owens-Corning Fiberglas Corp. v. Malone*, 972 S.W.2d 35, 43 (Tex. 1998). An appellate court must uphold the trial court's evidentiary ruling if there is any legitimate basis for the ruling. *Id.* We will not reverse a trial court for an erroneous evidentiary ruling unless the error probably caused the rendition of an improper judgment. *DeSoto Wildwood Dev., Inc. v. City of Lewisville*, 184 S.W.3d 814, 828 (Tex. App.—Fort Worth 2006, no pet.).

### 2) Analysis

LBSP submitted the affidavit of Lawrence Burk in support of its response to Forest Dale's summary judgment motion. Forest Dale filed objections that certain of Burk's statements violated the best evidence rule and that the contract should speak for itself. The trial court sustained certain objections and denied other objections to particular statements in the Burk

affidavit. LBSP argues that the trial court committed reversible error in sustaining Forest Dale's objections. We disagree.

The best evidence rule provides that "an original writing, recording, or photograph is required in order to prove its content unless these rules or other law provides otherwise." *See* TEX. R. EVID. 1002. The rule does not apply unless a party is seeking to prove the contents of a document. *See DeSoto Wildwood Dev., Inc.*, 184 S.W.3d at 828. LBSP argues that the best evidence rule is inapplicable in this case because the contract was already in evidence when the trial court struck these paragraphs of the affidavit. We cannot conclude that LBSP has demonstrated how this alleged erroneous evidentiary ruling caused the rendition of an improper judgment. *Id*. As the affidavit paragraphs at issue summarized paragraphs of the contract, we cannot conclude that LBSP has suffered harm from the striking of this evidence because the contract itself was admitted into evidence. Both parties directly refer to the text of the contract when arguing its meaning; no argument depends on what a witness stated the text to mean. Without harm, there is no reversible error and we resolve the second issue against LBSP.

## CONCLUSION

LBSP's issues on appeal are overruled and we affirm the trial court's judgment.


/David Evans/
DAVID EVANS
JUSTICE

141295F.P05

–10–



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

LBSP, INC., Appellant

No. 05-14-01295-CV     V.

FOREST DALE, INC., Appellee

On Appeal from the 162nd Judicial District
Court, Dallas County, Texas
Trial Court Cause No. DC-13-10542.
Opinion delivered by Justice Evans.
Justices Francis and Stoddart participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellee FOREST DALE, INC. recover its costs of this appeal from appellant LBSP, INC.

Judgment entered this 7th day of June, 2016.