In
The

                                                Court
of Appeals

                        Sixth
Appellate District of Texas at Texarkana

 

                                                ______________________________

 

                                                             No. 06-11-00056-CV

                                                ______________________________

 

 

                        JERRY SMITH, ON BEHALF OF THE
HEIRS OF

WADE AND CLARA SMITH,
Appellant

 

                                                                V.

 

                 HORACE E. PEEK AND ELIZABETH J. PEEK, Appellees

 

 

                                                                                                  


 

 

                                        On Appeal from the 76th Judicial District Court

                                                             Camp County, Texas

                                                        Trial Court
No. CV-08-773

 

                                                                                                   

 

 

                                          Before Morriss, C.J.,
Carter and Moseley, JJ.

                                              Memorandum Opinion by Justice Carter








                                                      MEMORANDUM OPINION

 

            Horace
E. Peek and Elizabeth J. Peek purchased a 52.41-acre piece of real property
from Paul Mayben.[1]  Jerry Smith, on behalf of the heirs of Wade
Smith and Clara Smith, brought suit to quiet title against the Peeks, claiming
ownership of the property based on his distant relation to the Smiths, who became
owners of the property over a century ago.[2]  The Peeks filed a motion for summary judgment
and attached deeds purporting to trace title to the property back to the
Smiths, whose heirs had allegedly conveyed the property.  The Peeks argued that because they could
establish Jerry had no interest in the property, he could not be successful in
his action to quiet title.  They further
claimed they had established adverse possession in the form of actual and visible
appropriation of the property since 1986 under color of deed.  Smith appeals the trial court’s summary
judgment granted in favor of the Peeks. 
Because the Peeks both traced title to a common source and established
adverse possession as a matter of law, we affirm the trial court’s judgment. 

            Traditional
summary judgment is proper when the movant establishes that there is no genuine
issue of material fact and that the movant is entitled to judgment as a matter
of law.  Tex. R. Civ. P. 166a(c); City
of Houston v. Clear Creek Basin Auth., 589 S.W.2d 671, 678 (Tex. 1979); Dresser Indus., Inc. v. Underwriters at Lloyd’s,
London, 106 S.W.3d 767 (Tex. App.—Texarkana 2003, pet. denied).  Because the movant bears the burden of proof,
all evidence favorable to the nonmovant is taken as true, and all doubts as to
the genuine issue of material fact are resolved in favor of the nonmovant.  Rhone–Poulenc, Inc. v. Steel, 997 S.W.2d 217, 223
(Tex. 1999). Summary judgment for a defendant is proper when the defendant
pleads and conclusively establishes each element of an affirmative
defense.  Sci. Spectrum, Inc. v.
Martinez, 941 S.W.2d 910, 911 (Tex. 1997). 
Because the propriety of a summary judgment is a question of law, we
review the trial court’s decision de novo.  See
Natividad v. Alexsis, Inc., 875
S.W.2d 695, 699 (Tex. 1994).  

            The
trial court’s summary judgment specified no particular ground as supporting the
summary judgment.  When, as is the case
here, the trial court does not set out the grounds on which it ruled, we affirm
the summary judgment if any ground urged in the motion for summary judgment is
meritorious.  W. Invs., Inc. v. Urena, 162 S.W.3d 547, 550 (Tex. 2005).

            A
copy of the 1986 deed from Mayben to the Peeks was attached to the motion for
summary judgment.  After setting forth
the metes and bounds description of Tract 2 of the Tanton Estate conveyed in
Mayben’s deed, the affidavit of Horace Peek stated:

            3.         I took possession of the
above-described property from Paul Mayben on August 11, 1986.  

            4.         A duly recorded deed reflects my
acquisition of the above-referenced property. 


            5.         Since taking possession of the
above-described property in 1986, I have enjoyed continuous and uninterrupted
use of the property.  I have paid taxes
on the property and use the property to the fullest extent possible.  

            6.         My possession of the above-described
property has been actual and visible, peaceable, and open and notorious, and I
have exercised exclusive control over who is granted use of an access to the
property.  To that end, I have utilized a
locked gate to prevent unauthorized entry onto my property. 

Peek’s affidavit established the
claim of adverse possession under Section 16.025 of the Texas Civil Practice
and Remedies Code (five-year statute of limitations).  Tex.
Civ. Prac. & Rem. Code Ann. § 16.025 (West 2002).  Smith’s response to the motion for summary
judgment and the exhibits attached thereto did not mention or raise any genuine
issues of material fact relating to Peek’s adverse possession claim.  Therefore, the Peeks established their entitlement
to summary judgment on their adverse possession claim as a matter of law. 

            We
affirm the trial court’s judgment. 

 

 

 

                                                                        Jack
Carter

                                                                        Justice

 

Date Submitted:          August
11, 2011

Date Decided:             August
16, 2011

 











[1]This
tract is known as Tract 2 of the Tanton Estate. 
Irvin and Nancy Tanton conveyed Tracts 1 and 2 of their estate to W. H.
Smith.   

 





[2]The
Smiths took possession of the property in question on January 26, 1892.