**Affirm and Opinion Filed January 14, 2014**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-12-00868-CV

### DAN LOPEZ, Appellant
### V.
### RS CLARK & ASSOCIATES, INC., Appellee

**On Appeal from the 14th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-10-07834-A**

## MEMORANDUM OPINION

Before Justices Francis, Lang-Miers, and Lewis
Opinion by Justice Francis

Dan Lopez appeals the trial court's judgment in favor of RS Clark & Associates. In several issues, Lopez contends the trial court erred by denying his motion for summary judgment and granting summary judgment in favor of Clark. We affirm.

Lopez leased an apartment at Hunter's Ridge Apartments in Fort Worth in April 2006. When he moved out of the apartment in October 2006, Hunter's Ridge assessed Lopez a cleaning charge which he did not pay. In June 2007, the debt was turned over to Clark for collection. At that time, Clark sent Lopez a letter about the debt, referencing Hunter's Ridge, but Lopez did not respond. A representative of Clark spoke with Lopez in mid-2008. When Lopez asked what the debt was for, the representative said it was a cleaning charge from Hunter's Ridge.

In February 2009, Lopez wrote Clark. In the letter, he said he did not "recognize this alleged debt" but, given the small amount owed, was "offering full payment" contingent on Clark agreeing to "fully delete this account from [Lopez's] credit profile." Lopez "invite[d] good faith settlement negotiation in response to" his offer via email although he noted the terms of any agreement were "open for very little negotiation." He told Clark calls to his home phone number were "inconvenient." He then provided his cell phone number but refused consent to call the cell number "at any time for any reason." He also noted he was not allowed personal communications at work. Lopez concluded the letter by suggesting Clark take him "up on this offer, execute and abide by the enclosed settlement agreement so we can move on to bigger and better issues." Lopez enclosed a three-page, single-spaced document entitled "Settlement Agreement and Release" and a copy of a money order for $52.34. Lopez sent the letter and enclosures by certified mail to Clark's legal counsel.

From May to September, 2009, a Clark representative called Lopez at home four times between 10:28 a.m. and 2:15 p.m.; Lopez did not answer any of the calls. In January 2010, Lopez sued Clark for violations of the Fair Debt Collection Practices Act, the Texas Debt Collection Practices Act, and the Deceptive Trade Practices Act. In his pleading, Lopez alleged Clark (1) called him at home after he had expressly told Clark to "cease all telephonic communications" with him and (2) failed to communicate to the credit reporting agencies that Lopez disputed the debt. Clark filed a general denial and a counterclaim for sanctions alleging that the claims were groundless and brought in bad faith or for the purpose of harassment. Both Lopez and Clark filed competing motions for summary judgment, although Lopez did not attach any evidence in support of his motion. The trial court granted Clark's motion and denied Lopez's motion, but declined to rule on Clark's counterclaim. Following a bench trial, the trial

court granted judgment in favor of Clark on the counterclaim and awarded attorney's fees. This appeal ensued.

On appeal, Lopez generally contends the trial court erred by granting Clark's motion for summary judgment and denying his. Specifically, he claims the February 24, 2009 certified letter was sufficient notice to trigger the prohibitions of the debt collection practices acts and the DTPA and that the letter was received by Clark's legal counsel acting as Clark's agent. Lopez does not complain about the bench trial on Clark's counterclaim or the award of attorney's fees.

The summary judgment rule provides a method of summarily ending a case that involves only a question of law and no fact issues. TEX. R. CIV. P. 166a(c); *Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 548–49 (Tex. 1985). When, as here, both sides move for summary judgment, and the trial court grants one motion and denies the other, we review the summary judgment evidence presented by both sides and determine all questions presented. *Comm'rs Court v. Agan*, 940 S.W.2d 77, 81 (Tex. 1997). We review the summary judgment de novo to determine whether a party's right to prevail is established as a matter of law. *Howard v. INA Cnty. Mut. Ins. Co.,* 933 S.W.2d 212, 216 (Tex. App.—Dallas 1996, writ denied). If we conclude the trial court committed reversible error, we render the judgment the trial court should have rendered. *Id*. at 216–17.

To succeed in a traditional motion for summary judgment, the movant must establish there are no genuine issues of material fact and it is entitled to judgment as a matter of law. *W. Invs., Inc. v. Urena*, 162 S.W.3d 547, 550 (Tex. 2005). For Clark to be entitled to summary judgment, it had to disprove, as a matter of law, one of the essential elements of Lopez's causes of action. *See Lear Siegler, Inc. v. Perez*, 819 S.W.2d 470, 471 (Tex. 1991).

Under the FDCPA, if a consumer notifies a debt collector in writing that the consumer (1) refuses to pay a debt or (2) wishes the debt collector to cease further communication with the

consumer, "the debt collector shall not communicate further with the consumer with respect to [the] debt" except for certain notifications not relevant to this case. 15 U.S.C. § 1692c(c). Section 1692e(8) prohibits debt collectors from communicating "to any person credit information which is known or should be known to be false, including the failure to communicate that a disputed debt is disputed." 15 U.S.C. § 1692e(8). The TDCPA similarly provides a debt collector may not "represent to any person other than the consumer that [the] consumer is willfully refusing to pay a nondisputed consumer debt when the debt is in dispute and the consumer has notified in writing the debt collector of the dispute." TEX. FIN. CODE § 392.301(a)(3) (West 2006). And under section 392.404, a violation of chapter 392 is a deceptive trade practice and is "actionable under" chapter 17 of the Texas Business and Commerce Code. *See id*. § 392.404(a); TEX. BUS. & COM. CODE § 17.50 (West 2011). For a plaintiff to prevail under these acts, he must establish he is a consumer, the defendant is a debt collector, and the defendant engaged in an act or omission prohibited by the FDCPA and the TDCPA. *See* 15 U.S.C. §§ 1692a(3), (6), 1692c(c),1692e(8).

In his second amended petition, Lopez claimed (1) he "sent a letter to [Clark] on February 24, 2009 requesting that [Clark] cease and desist all communications with [Lopez]," (2) Lopez has a certified mail receipt proving Clark's registered agent received the letter February 25, 2009, (3) after Lopez "expressly requested" Clark "cease all telephonic communications" with him, Clark called his home phone number, and (4) Clark continued to report the debt on Lopez's credit report when "it was disputed by [Lopez] on February 24, 2009."

In its motion, Clark claimed it was entitled to summary judgment because Lopez's letter did not inform Clark to "cease further communication" or dispute the debt and there was no evidence the information Clark reported to the credit bureau was false. In support of its first ground, Clark attached a copy of Lopez's February 24, 2009 letter and Lopez's deposition

testimony.  In the letter, Lopez tells Clark he is writing about the $52.34 debt to Hunter's Ridge Apartments.  He states he does not recognize the debt but, given the small amount of the debt, is "offering full payment in return for full deletion."  He invites "good faith settlement negotiation in response" to his offer, although "the terms of the agreement are open for very little negotiation."  He states calls to his home phone are "inconvenient."  He then provides his cell phone number and states:

> I DO NOT give you consent to call this number using an auto dialer, I DO NOT give you consent to manually dial this number, I DO NOT give you consent to call this number at any time for any reason.  I hereby withdraw any consent you and/or the creditor may think either of you had to call this number.  In addition, please be advised that I am NOT allowed personal communications at work.

Lopez concludes the letter by suggesting Clark take him up on his offer and execute and abide by the enclosed agreement.  In his deposition, Lopez testified calls to his home phone were inconvenient because he worked nights, but he conceded he did not tell Clark that he worked nights.  He also stated there were convenient times for him to take calls at home.

Considering the express language of the letter, we conclude it did not notify Clark that Lopez wished Clark to "cease further communication" with him.  Although Lopez clearly states he does not consent to communication via his cell or work phones, Lopez states only that calls to his home are inconvenient.  He did not withdraw consent to contact his home phone nor did he otherwise state Clark could not contact him at home.  Moreover, the letter invites further communication regarding a settlement.

In addition, the letter does not dispute the debt and, instead, offers full payment.  And in his deposition testimony, Lopez testified what Clark told the credit reporting agency was accurate.  He said he was not claiming Clark gave incorrect information regarding his credit report.  Because Clark established as a matter of law it did not report something false to a third party and that the February 24 letter did not instruct Clark to cease further communication with

Lopez and did not dispute the debt, the burden shifted to Lopez to raise an issue of material fact. This he failed to do.

Lopez did not present any summary judgment evidence in support of his motion or in his response to Clark's motion. Rather, he argued below and on appeal that the FDCPA does not require a consumer to use exact language in forbidding communication and he should be held to a "least sophisticated consumer" standard. Although we agree that a consumer need not use specific or "technical" language, we reject Lopez's claim his language was sufficient to forbid all communication. With respect to his home phone, Lopez did not forbid calls, nor did he withdraw consent; he said only that calls are "inconvenient." This statement is immediately followed by a paragraph giving his cell phone number and explicitly refusing consent to call the cell phone as well as his work phone numbers. This establishes Lopez knew how to refuse consent or, at a minimum, how to tell Clark to "cease further communication" with him. Lopez also drafted and sent a three-page legal document entitled "Settlement and Agreement" and invited further negotiations. Read in its entirety, the letter demonstrates Lopez knew how to communicate clearly and did not forbid further communication. We reject Lopez's argument to the contrary.

We conclude the trial court did not err by granting summary judgment in favor of Clark with respect to Lopez's claims under the FDCPA or the TDCPA. Nor did the trial court err by granting summary judgment on Lopez's derivative DTPA claim. We overrule Lopez's issues.

We affirm the trial court's judgment.

/Molly Francis/
MOLLY FRANCIS
JUSTICE

120868F.P05



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

DAN LOPEZ, Appellant

No. 05-12-00868-CV        V.

RS CLARK & ASSOCIATES, INC.,
Appellee

On Appeal from the 14th Judicial District
Court, Dallas County, Texas
Trial Court Cause No. DC-10-07834-A.
Opinion delivered by Justice Francis,
Justices Lang-Miers and Lewis participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellee RS CLARK & ASSOCIATES, INC. recover its costs of this appeal from appellant DAN LOPEZ.

Judgment entered this 14th day of January, 2014.

/Molly Francis/

MOLLY FRANCIS
JUSTICE