**Reversed and Remanded and Opinion Filed February 19, 2015**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-14-00268-CV

**THE BANK OF NEW YORK MELLON F/K/A THE BANK OF NEW YORK, AS TRUSTEE FOR THE CERTIFICATE HOLDERS OF THE CWABS, INC., ASSET-BACK CERTIFICATES, SERIES 2006-15, Appellant**
**V.**
**NADER DARYAPAYMA AND FARIBA DARYAPAYMA, Appellees**

**On Appeal from the 193rd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. 13-06199**

## OPINION

Before Justices Francis, Evans, and Stoddart
Opinion by Justice Francis

The Bank of New York Mellon appeals the trial court's summary judgment in favor of Nader and Fariba Daryapayma. In three issues, BONY claims the trial court erred by granting summary judgment in favor of the Daryapaymas because their claims were barred by the statute of limitations, BONY did not violate the home equity loan provisions of the Texas Constitution, and BONY was entitled to equitable subrogation as a matter of law. For the reasons that follow, we reverse the trial court's judgment and remand this case for further proceedings.

On June 29, 2004, the Daryapaymas bought the house at 4561 Royal Lane and designated it their homestead. To finance the purchase, they took out two loans: a first lien in the amount of $650,000 and a second lien of $85,000. A little over two years later, Nader applied for a

home equity loan, stating in the application that the purpose of the refinance was "PAYOFF OF MORTGAGE." The property and home on Royal Lane appraised at $1.5 million. Nader signed the $937,500 home equity loan note financed by Countrywide Home Loans, Inc.; both he and Fariba signed the security agreement, pledging the house as collateral on the loan. After the home equity loan closed, the first and second liens were paid in full, giving Countrywide a first lien on the home. The Countrywide loan was later assigned to BONY.

When the Daryapaymas defaulted on the home equity loan, BONY filed an application for a home equity loan foreclosure. In May 2011, the trial court granted the order and authorized foreclosure of the lien. The property was purchased at a nonjudicial foreclosure sale, and BONY filed a petition for forcible detainer. While that petition was pending, the Daryapaymas filed their original petition in this case, claiming BONY had violated the Texas Constitution because the combined total of the first and second liens and the home equity loan exceeded eighty percent of the fair market value of the home. They claimed that, at the time Nader signed the home equity note in late July 2006, the house was appraised at $1.5 million, eighty percent of which is $1.2 million. The principal owing on the first and second liens was $735,000; therefore, "the maximum amount of credit that could have been extended" to them was $465,000. Because the home equity loan amount was $937,500, they claimed the aggregate total amount exceeded the eighty percent allowed by the Texas Constitution and, as a result, BONY lost the right to all principal and interest charged. They alleged claims for conversion, fraud, fraudulent concealment, and breach of contract and sought to quiet title or remove cloud from title, rescind the substitute trustee deed, and declare the home equity loan foreclosure order unenforceable.

The Daryapaymas filed a motion for traditional summary judgment on all claims except the conversion, fraud, and fraudulent concealment causes of action. They argued, among other things, they were entitled to a declaration that BONY violated the Texas Constitution. The trial

–2–

court granted summary judgment on all claims raised in their motion, including rescinding the substitute trustee deed and declaring the home equity loan foreclosure order unenforceable. When BONY filed a counterclaim for equitable subrogation, the Daryapaymas filed another motion for traditional summary judgment. The trial court granted summary judgment on the subrogation claim in favor of the Daryapaymas, who then nonsuited their remaining claims. BONY appeals.

In its second issue, BONY claims the trial court erred by granting summary judgment because BONY did not violate the home equity loan provisions of the Texas Constitution. We review the trial court's summary judgment de novo. *Travelers Ins. Co. v. Joachim*, 315 S.W.3d 860, 862 (Tex. 2010). To succeed in a traditional motion for summary judgment, the movants must establish there are no genuine issues of material fact and they are entitled to judgment as a matter of law. *W. Invs., Inc. v. Urena*, 162 S.W.3d 547, 550 (Tex. 2005). When reviewing a summary judgment, we consider the evidence in the light most favorable to the nonmovant and resolve any doubt in the nonmovant's favor. *Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 548–49 (Tex. 1985).

When interpreting our state constitution, we rely heavily on its literal text and give effect to its plain language. *LaSalle Bank Nat'l Ass'n v. White*, 246 S.W.3d 616, 619 (Tex. 2007). We strive to give constitutional provisions the effect their makers and adopters intended. *Doody v. Ameriquest Mortg. Co.*, 49 S.W.3d 342, 344 (Tex. 2001). We avoid a construction that renders any provision meaningless or inoperative. *Stringer v. Cendant Mortg. Corp.*, 23 S.W.3d 353, 355 (Tex. 2000).

The home equity loan provisions of the Texas Constitution detail the terms and conditions of a home equity loan and the rights and obligations of the borrower and lender. *See* TEX. CONST. art. XVI, § 50(a)(6)(A)−(Q); *Doody*, 49 S.W.3d at 343. Homeowners who have

–3–

either entirely repaid their home loans or who have accumulated equity in their homestead may apply for a loan against that equity as long as the home equity loan

> is of a principal amount that when added to the aggregate total of the outstanding principal balances of all other indebtedness secured by valid encumbrances of record against the homestead does not exceed 80 percent of the fair market value of the homestead on the date the extension of credit is made.

TEX. CONST. art. XVI, § 50(a)(6)(B); *Doody*, 49 S.W.3d at 343.

The summary judgment evidence shows the Daryapaymas had a first lien of $650,000 and a second lien of $85,000 on their homestead. Nader applied for the home equity loan, stating he wanted to refinance the existing loans and that the purpose of the refinance was "PAYOFF OF MORTGAGE." Nader signed the note, and both he and Fariba signed the document entitled "TEXAS HOME EQUITY SECURITY INSTRUMENT (First Lien)" in favor of Countrywide. Nader and Fariba each signed the Settlement Statement, which details how the $937,500 would be disbursed, including $656,740.79 to "1st Mortgage Payoff," $79,924.53 to "2nd Mortgage Payoff," and $152,533.11 to Nader and Fariba. The record also contains the release of both liens, showing the outstanding balances from the June 2004 loans were paid in full at the beginning of August 2006.[1] This evidence shows the Daryapaymas applied for a home equity loan to pay off the existing mortgages as well as to take out some of the equity accumulated in their homestead.

Because the parties agreed the home equity loan was made, in large part, to pay off the existing mortgages, the loan documents reflect this agreement, and the existing mortgages were paid off, the balances of those existing mortgages should not be included when determining whether the amount of the home equity loan exceeds eighty percent of the fair market value of the homestead. In other words, in this case the "aggregate total of the outstanding principal

---

[1] Although the loan documents were signed July 26, 2006, the loan could not be funded until July 31, 2006. *See* TEX. CONST. art. XVI, § 50(a)(6)(Q)(viii).

–4–

balances of all other indebtedness secured by valid encumbrances" against the Daryapaymas' homestead was zero because the home equity loan paid those debts in full. Because the $937,500 home equity loan did not exceed eighty percent of the fair market value of the Daryapaymas' homestead, the loan did not violate the Texas Constitution. The trial court erred by concluding otherwise. We sustain BONY's second issue. In light of our disposition of this issue, we need not address BONY's other two issues. *See* TEX. R. APP. P. 47.1.

We reverse the trial court's summary judgments in favor of the Daryapaymas and remand this cause to the trial court for further proceedings consistent with our opinion.

140268F.P05

/Molly Francis/
MOLLY FRANCIS
JUSTICE



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

THE BANK OF NEW YORK MELLON F/K/A THE BANK OF NEW YORK, AS TRUSTEE FOR THE CERTIFICATE HOLDERS OF THE CWABS, INC. ASSET-BACK CERTIFICATES, SERIES 2006-15, Appellant

No. 05-14-00268-CV  V.

NADER DARYAPAYMA AND FARIBA DARYAPAYMA, Appellees

On Appeal from the 193rd Judicial District Court, Dallas County, Texas
Trial Court Cause No. 13-06199.
Opinion delivered by Justice Francis, Justices Evans and Stoddart participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **REVERSED** and this cause is **REMANDED** to the trial court for further proceedings consistent with this opinion.

It is **ORDERED** that appellant The Bank of New York Mellon recover its costs of this appeal from appellee Nader Daryapayma and Fariba Daryapayma.

Judgment entered February 19, 2015.