# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-14-00102-CV

**David E. Welch, Appellant**

**v.**

**AABTEL, Incorporated d/b/a Holiday Inn Express; Francis Lesak;[1]
and Amrat Lakha Patel, Appellees**

### FROM THE DISTRICT COURT OF WILLIAMSON COUNTY, 368TH JUDICIAL DISTRICT NO. 13-0270-C368, HONORABLE RICK J. KENNON, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

This case concerns a personal injury claim asserted by an employee against his employer and two co-workers. The trial court granted summary judgment in favor of the defendants. We will affirm the judgment.

## BACKGROUND

According to the summary judgment evidence, David E. Welch was employed by AABTEL, Incorporated d/b/a Holiday Inn Express in Round Rock, Texas (hereafter "Holiday Inn"). Francis Lesak was his co-worker and supervisor on the day in question, and Amrat Lakha Patel was a co-worker who was not at work on that date but arrived as Welch left.

---

[1] The record refers interchangeably to "Francis Lesak" and "Frances Lesak" but the captions on the summary judgment order and the notice of appeal refer to "Francis Lesak."

During his workday at the hotel front desk, Welch began to experience physical symptoms with respect to his speech, motor skills, and walking gait. He continued to work and perform his duties but continued to perceive gradual physical changes. Welch told Lesak that he was experiencing physical symptoms, but she was unable to detect or observe any changes in him. Around 10:30 a.m. or 11:00 a.m., Welch began to believe that he needed medical care, and Lesak offered to drive him to the doctor when his shift ended at 3:00 pm. At all relevant times, Welch was conscious, lucid, had his normal cognitive functions, and was physically able to work and to summon emergency care. He never told Lesak that he required emergency medical treatment, and he was never instructed not to seek medical assistance. Shortly before the shift ended, Welch concluded that he should call Emergency Medical Services for assistance. He made the decision to call for an ambulance, and he dialed 911. EMS responded, tended him at his office, and then transported him to a hospital by ambulance. As Welch was being taken to the ambulance, Patel arrived at work, and the two spoke for the first time that day. Welch was diagnosed with acute cerebrovascular accident, commonly referred to as stroke.

Welch sued Holiday Inn, Lesak, and Patel, alleging that each was negligent and breached the duty of ordinary care they owed him by failing to provide him medical attention, and alleging that their breach was the proximate cause of his injuries. Welch acknowledged that his work duties did not cause his stroke, but he alleged that the delay in providing him medical assistance and his continuing to work without medical attention caused his resulting disabilities, which could have been avoided or lessened had he received medical attention and medication sooner. Defendants filed a no-evidence motion for summary judgment, asserting that Welch's claims are

2

barred by his exclusive remedy under Texas Labor Code section 408.001(a), that they owed him no duty to discover or address his medical condition or to provide him medical care, and that no evidence exists to support his claims of common law duty or breach of duty. *See id*.; *see also* Tex. R. Civ. P. 166a(i). The trial court granted summary judgment in favor of all the defendants.

In one issue on appeal, Welch asserts that the defendants had a duty to provide him emergency medical care to prevent his stroke when he exhibited symptoms. Welch acknowledges that as a general rule an employer owes no duty to provide medical care to an employee who becomes injured or ill, but he contends that his situation is governed by an exception that arises when an employee becomes helplessly injured or ill, is incapable of aiding himself, and requires immediate medical aid to preserve his life or prevent serious bodily harm. We will overrule this issue.[2]

## DISCUSSION

**Standard of review**

We review the trial court's decision to grant summary judgment de novo. *Texas Mun. Power Agency v. Public Util. Comm'n of Tex*., 253 S.W.3d 184, 192 (Tex. 2007); *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005). In a no-evidence motion for summary judgment, the movant, without presenting evidence, seeks summary judgment on the ground that there is no evidence of one or more essential elements of the nonmovant's claim, and the burden shifts to the nonmovant to produce evidence raising a fact issue. Tex. R. Civ. P. 166a(i). "A no-evidence

---

[2] Because we conclude that summary judgment was appropriate on this ground, we need not address Welch's remaining issue as to whether Texas Labor Code section 408.001(a) applies and provides his exclusive remedy.

summary judgment is essentially a pretrial directed verdict, and we apply the same legal sufficiency standard in reviewing a no-evidence summary judgment as we apply in reviewing a directed verdict." *King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 750-51 (Tex. 2003). When the trial court's order granting summary judgment does not specify the basis for the ruling, we must affirm the trial court's judgment if any of the theories advanced are meritorious. *Western Invs., Inc. v. Urena*, 162 S.W.3d 547, 550 (Tex. 2005).

Once a defendant asserts a no-evidence motion for summary judgment, the plaintiff must produce some evidence of the essential elements of the claim. In the absence of competent summary judgment evidence raising a genuine issue of material fact as to each element of the claim, the court must grant summary judgment. We hold that Welch failed to present such evidence and, thus, the judgment was proper.

**No duty to provide medical care**

Welch does not complain of any error on the part of the trial court that would require reversal of the judgment. We assume that he complains that the trial court erred by granting summary judgment, but he does not specify how the ruling was error.

Welch acknowledges that neither an employer nor a co-worker has any duty to provide a worker medical care. Welch does not cite any authority to support his argument that Lesak and Patel individually owed him a duty of care to provide him medical attention, the elements of that duty, or the manner in which they breached any such duty. We note that the record reflects that Patel did not arrive at the hotel until Welch was already being transferred to the ambulance. Welch fails to assert any basis, evidence, or legal theory on which either Patel or Lesak could be liable for his

4

injuries. He asserts no issue, argument, legal authority, or proof in the record that demonstrates their duty to him or any way in which his co-workers breached any such duty.

Further, Welch does not cite any authority to support his proposition that his employer owed him a duty to provide him medical care. Welch agrees that there is no general duty resting upon the employer to provide surgical or medical attendance to an employee who becomes ill or is injured in the course of his employment. However, courts have held that the employer has a duty to provide emergency medical or surgical aid when the employee sustains serious injury in the course of employment that renders him helpless and incapable of aiding himself and there is an immediate and urgent need for medical and surgical attention to save his life. *Atchison, T. & S.F. Ry. Co. v. Hix*, 291 S. W. 281, 284 (Tex. Civ. App.—El Paso 1926, no writ) (railroad worker died after he fell from moving train and train wheels amputated both his legs). Welch relies upon this exception as the basis for his claim.

To the extent that a limited exception exists in a situation where an employee is rendered helpless and incapable of assisting himself and requires emergency medical care to avoid death or serious injury, Welch did not provide any evidence to demonstrate that he came within the exception. Welch in effect contends that Texas law should be expanded to hold that an employer or co-employee/supervisor should be required to provide an employee medical care for an ordinary disease of life, even when the employee is not rendered helpless or incapable of helping himself. We decline this invitation.

Welch's position also assumes that his stroke worsened and he suffered greater damage due to his remaining at work and delaying medical treatment, but the record contains

5

no evidence of that fact. He contends without any support that his employer owed him a duty to provide him emergency medical care to prevent his stroke, and that had he received medical care he could have avoided the stroke or lessened the severity of the stroke. The only medical evidence in the record is a letter from a physician stating that Welch was diagnosed as suffering an acute cerebrovascular accident. Welch asserts without any support in the record that receiving "clot busting drugs" within three to four hours of the first symptoms can alleviate damage, and the public needs to know the symptoms of stroke and what actions are immediately required. He suggests that, had his employer recognized his symptoms and need for urgent treatment, he would have received these "clot busting drugs" and treatment sooner, thereby minimizing or preventing his physical damage. The record contains no medical evidence of the type of stroke Welch experienced, the treatment recommended for his type of stroke compared to the actual treatment he did receive, whether the drugs he suggests were appropriate for his condition, whether his stroke damage occurred while at work or after, whether earlier detection and treatment would have alleviated the resulting damage, or whether his failure to receive treatment sooner had any impact or effect on his resulting condition.

## CONCLUSION

We hold that Welch offered no evidence that Holiday Inn and the individual defendants had any duty to provide him medical care or that they breached any such duty if one exists. The record contains no evidence that Welch required immediate and urgent emergency medical care, or that he was helpless and incapable of helping himself. We decline to expand the limited facts under which such an exception might apply.

6

Welch asserts no issue, argument, record citation, or legal authority demonstrating that the trial court erred by granting summary judgment. We overrule Welch's issue on appeal and affirm the judgment.

_____

Marilyn Aboussie, Justice

Before Justices Pemberton, Field, and Aboussie*

Affirmed

Filed: July 8, 2015


\* Before Marilyn Aboussie, Chief Justice (retired), Third Court of Appeals, sitting by assignment. *See* Tex. Gov't Code § 74.003(b).