**Opinion issued December 15, 2020**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-19-00165-CV

————————————

## EUGENE M. SANCHEZ, Appellant

## V.

## DAVID LEIJA AND LINDALE WRECKER SERVICE, Appellees

On Appeal from the 190th District Court
Harris County, Texas
Trial Court Case No. 2016-14474

## MEMORANDUM OPINION

Eugene M. Sanchez sued David Leija and his business, Lindale Wrecker

Services, alleging that Leija caused him medical injuries and property damage in a

motor vehicle accident. In two issues, Sanchez argues that the trial court erred in

granting partial summary judgment on medical causation in favor of Leija and that the trial court erred in issuing a final take nothing judgment against him. We affirm.

## Background

In September 2015, Sanchez and Leija were involved in a motor vehicle accident in Houston. Sometime after the incident, Sanchez sought medical treatment for neck and back pain. He also spoke with his existing mental health provider about the accident's effect on him.

In March 2016, Sanchez sued Leija and his business, Lindale Wrecker Service, alleging that Leija's negligence caused his medical injuries and property damage. In December 2017, Leija filed a no-evidence motion for partial summary judgment alleging that Sanchez had not raised evidence to establish a fact question as to causation. Leija argued that there was no evidence that Sanchez suffered any damages caused by Leija's negligence and that Sanchez had failed to present required expert testimony to prove his injuries. In response, Sanchez submitted evidence including: (1) Department of Veteran's Affairs (VA) Billing Affidavit/Certification, (2) Sanchez's deposition testimony, and (3) an Allied Medical Centers billing record with three pages of medical records. After argument, the court granted Leija's no-evidence motion for partial summary judgment regarding medical causation. The court also granted partial summary judgment in favor of Leija regarding property damage. Sanchez moved for reconsideration of the

2

partial summary judgment related to medical causation, and the court denied the motion. In January 2019, Sanchez moved to retain the case. In response, Leija moved to dismiss for want of prosecution or, in the alternative, requested entry of final judgment. The court issued a final take nothing judgment in favor of Leija in February 2019. Sanchez appeals.

## No-Evidence Summary Judgment

In his first issue, Sanchez argues that the trial court erred in granting Leija's no-evidence summary judgment motion. Specifically, Sanchez contends that he provided evidence—medical bills from the VA hospital, three pages of medical records, and his own deposition testimony—to raise a genuine issue of material fact as to medical causation and defeat summary judgment. Leija responds that the evidence Sanchez presented was insufficient. We agree with Leija.

### A.    Standard of Review

A no-evidence motion for summary judgment under Rule 166a(i) is essentially a motion for pretrial directed verdict. TEX. R. CIV. P. 166a(i); *Timpte Indus., Inc. v. Gish*, 286 S.W.3d 306, 310 (Tex. 2009). After an adequate time for discovery, a party without the burden of proof may, without presenting evidence, seek summary judgment on the ground that there is no evidence to support one or more essential elements of the non-movant's claim or defense. TEX. R. CIV. P. 166a(i). The motion must specifically state the elements for which there is no

3

evidence. *Id.*; *Timpte Indus., Inc.*, 286 S.W.3d at 310. The trial court is required to grant the motion unless the nonmovant produces summary judgment evidence that raises a genuine issue of material fact. TEX. R. CIV. P. 166a(i).

We review no-evidence summary judgments under the same legal sufficiency standard as directed verdicts. *See Merriman v. XTO Energy, Inc.*, 407 S.W.3d 244, 248 (Tex. 2013); *King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 750 (Tex. 2003). Under that standard, evidence is considered in the light most favorable to the nonmovant, crediting evidence a reasonable jury could credit and disregarding contrary evidence and inferences unless a reasonable jury could not. *Goodyear Tire & Rubber Co. v. Mayes*, 236 S.W.3d 754, 756 (Tex. 2007) (per curiam); *City of Keller v. Wilson*, 168 S.W.3d 802, 823 (Tex. 2005). A no-evidence challenge will be sustained when

> (a) there is a complete absence of evidence of a vital fact, (b) the court is barred by rules of law or of evidence from giving weight to the only evidence offered to prove a vital fact, (c) the evidence offered to prove a vital fact is no more than a mere scintilla, or (d) the evidence conclusively establishes the opposite of the vital fact.

*King Ranch*, 118 S.W.3d at 751 (quoting *Merrell Dow Pharm. v. Havner*, 953 S.W.2d 706, 711 (Tex. 1997)).

To defeat summary judgment, the nonmovant is required to produce more than a scintilla of probative evidence to raise a genuine issue of material fact on the challenged elements. *Forbes, Inc. v. Granada Biosciences, Inc.*, 124 S.W.3d 167,

4

172 (Tex. 2003). That burden is not met when the evidence is "so weak as to do no more than create a mere surmise or suspicion" of a fact. *King Ranch*, 118 S.W.3d at 751 (quoting *Kindred v. Con/Chem, Inc.*, 650 S.W.2d 61, 63 (Tex. 1983)). In determining whether the nonmovant has produced more than a scintilla of evidence, we review the evidence in the light most favorable to the nonmovant, crediting such evidence if reasonable jurors could, and disregarding contrary evidence unless reasonable jurors could not. *See City of Keller*, 168 S.W.3d at 827.

**B.    Analysis**

To prevail on a negligence cause of action, Sanchez must establish the existence of a duty, a breach of that duty, and damages proximately caused by the breach. *W. Invs. v. Urena*, 162 S.W.3d 547, 550 (Tex. 2005). Establishing causation in a personal injury case requires a plaintiff to "prove that the conduct of the defendant caused an event and that this event caused the plaintiff to suffer compensable injuries." *JLG Trucking, LLC v. Garza*, 446 S.W.3d 157, 162 (Tex. 2015) (quoting *Burroughs Wellcome Co. v. Crye*, 907 S.W.2d 497, 499 (Tex. 1995)). When an accident victim seeks to recover medical expenses, he must show "what all the conditions were that generated the expenses and 'that all the conditions were caused by the accident.'" *Id.* (quoting *Guevara v. Ferrer*, 247 S.W.3d 662, 669 (Tex. 2007)).

No evidence in the record before us raises a fact question to establish causation and defeat summary judgment. In his deposition, Sanchez testified that he first sought medical treatment at an emergency room days after the accident because his low back was hurting. He saw another health care provider who recommended physical therapy, Sanchez did not remember when. He received physical therapy for his low back pain and also saw a chiropractor. He testified that he had a prior back injury from years before the accident. Sanchez also stated that he received mental health treatment for post-traumatic stress disorder prior to and after the accident. He testified that he discussed the accident with this mental health provider because the accident made him more cautious while driving.

In *Guevara*, the Texas Supreme Court concluded that "expert medical evidence is required to prove causation unless competent evidence supports a finding that the conditions in question, the causal relationship between the conditions and the accident, and the necessity of the particular medical treatments for the conditions are within the common knowledge and experience of laypersons." 247 S.W.3d at 663. The court also observed that expert testimony on causation is not required in limited circumstances when "both the occurrence and conditions complained of are such that the general experience and common sense of laypersons are sufficient to evaluate the conditions and whether they were probably caused by the occurrence." *Id.* at 667–68. When the exception applies, then "[g]enerally, lay

testimony establishing a sequence of events which provides a strong, logically traceable connection between the event and the condition is sufficient proof of causation." *Morgan v. Compugraphic Corp.*, 675 S.W.2d 729, 733 (Tex. 1984).

Sanchez did not provide expert testimony to raise a fact question as to causation, and his injuries are not the type of "basic" injuries identified in *Guevara* in which expert testimony regarding the casual connection between an occurrence and a physical condition is unnecessary. *Guevara*, 247 S.W.3d at 667. The type of injuries for which Sanchez seeks compensation—ligament sprain of the thoracic spine and lumbar spine, back spasms, lumbar radiculopathy, and increased symptoms of post-traumatic stress disorder—are neither common nor basic. *See id.* at 669–70.

Not only are the medical conditions not within the common knowledge and experience of layperson, but temporal proximity alone in this case, that is, the time between the accident and Sanchez's treatment, does not support an inference of medical causation. *See id.* at 667. Sanchez sought treatment days after, and later months after, the accident. Sanchez's testimony that he experienced back pain sometime after the accident merely raises a suspicion that the accident caused his injury. *See id.* at 668. Sanchez acknowledged that he had preexisting back pain and mental health issues. The Supreme Court has observed that suspicion is not legally sufficient to support a finding of causation. *See id.*; *Urena*, 162 S.W.3d at 551

7

(proximate causation cannot be shown through conjecture, guess or speculation); *IHS Cedars Treatment Ctr. of DeSoto, Tex., Inc. v. Mason*, 143 S.W.3d 794, 799 (Tex. 2004) (in negligence case, cause-in-fact not established where defendant's negligence did no more than furnish condition which made the injury possible). The fact that Sanchez sought medical treatment at some point in time after the accident is not sufficient evidence of causation to defeat summary judgment.

The medical records also do not raise a fact question with respect to causation. Competent expert medical causation evidence, whether expressed in testimony or in medical records, must be grounded in reasonable medical probability, not speculation or conjecture. *Burroughs Wellcome Co.*, 907 S.W.2d at 500; *Plunkett v. Conn. Gen. Life Ins. Co.*, 285 S.W.3d 106, 119 (Tex. App.—Dallas 2009, pet. denied). Mere recitations of medical history, such as those included in the VA medical records, are not independent opinions on causation. *Burroughs Wellcome Co.*, 907 S.W.2d at 500. The fact that Sanchez visited a doctor seven months after the incident and was diagnosed with various back conditions does not raise a fact issue as to whether he experienced injuries related to the accident. *See Guevara*, 247 S.W.3d at 669.

Moreover, Sanchez did not properly designate the doctor mentioned in the medical records as an expert. TEX. R. CIV. P. 194.2. While he submitted an expert witness designation, it failed to state the subject matter, conclusion, and the materials

reviewed by Dr. Syed. *See id.* The designation also fails to disclose the "general substance of the expert's mental impression and opinions and a brief summary of the basis for them" in accordance with the rule. *See id.*

The billing affidavits do not raise a fact question with respect to causation. The list of charges merely recites that Sanchez was treated at the VA hospital by physical therapists, emergency medicine doctors, and a chiropractor. "Patients in hospitals are often treated for more than one condition brought on by causes independent of each other." *Guevara*, 247 S.W.3d at 669. The bill is not evidence of the underlying conditions for which Sanchez was treated nor does it provide evidence to show that he was treated as a result of the accident. *See id.*

For the first time on appeal, Sanchez argues that he could not obtain testimony from the medical doctors who treated him at the VA hospital because they are prevented from testifying by federal statute. Pursuant to its authority under 5 U.S.C. § 301, the Department of Veterans Affairs (VA) has promulgated regulations restricting the circumstances in which VA employees may be called to testify and the scope of their testimony in matters that do not involve the federal government as a party. *See* 38 C.F.R. §§ 14.800–.810. A VA employee may provide testimony or produce VA records in legal proceedings only as authorized in accordance with the regulations and only as authorized by a determining official. *See* 38 C.F.R. § 14.803. Such testimony or records must be sought through the process provided in the

regulations. *See* 38 C.F.R. § 14.800, .806. This issue is not properly before the court because Sanchez did not raise it in his summary judgment response or motion for reconsideration. *See* TEX. R. CIV. P. 166(a)(c) ("Issues not expressly presented to the trial court by written motion, answer or other response shall not be considered on appeal as grounds for reversal."). And federal regulation does not prohibit VA officials from testifying in court proceedings, it simply establishes a framework through which testimony may be obtained. *See* 38 C.F.R. § 14.808. The code also does not prevent Sanchez from retaining an outside expert to review VA records or any other records he presents to address causation. Because Sanchez did not provide expert evidence of the causation of his injuries, the trial court did not err by granting Leija's no-evidence motion for summary judgment.

Sanchez failed to produce more than a scintilla of competent evidence on the element of causation of his medical injuries. The trial court did not err in granting summary judgment in favor of Leija. *Forbes, Inc.*, 124 S.W.3d at 172. We overrule Sanchez's first issue.

**Final Judgment**

In his second issue, Sanchez contends that the trial court erred in issuing a final take nothing judgment against him and abused its discretion in denying his motion to retain. In January 2019, Sanchez moved to retain the case, and in response, Leija moved to dismiss for want of prosecution or, in the alternative, requested entry

of final judgment. After reviewing the record, summary judgment order, and a Rule 11 agreement between the parties, the trial court issued a final judgment in favor of Leija in February 2019. On appeal, Sanchez contends that he diligently pursued his claims and that the trial court erred in entering final judgment because he had "additional causes of action to prosecute." Sanchez does not state specifically what claims remained unresolved.

Sanchez has failed to adequately brief this argument. An appellant must provide a brief containing "clear and concise argument[s] for the contentions made, with appropriate citations to authorities and to the record." TEX. R. APP. P. 38.1(i). Sanchez alleged that Leija's negligence caused his medical injuries and property damage. Sanchez's claims for past and future medical expenses, past and future pain and mental anguish, past and future impairment, and future loss of wages resulting from Leija's negligence were disposed of when the court granted partial summary judgment regarding medical causation. This order was never vacated. The trial court also granted partial summary judgment as to property damage of a motorcycle. On appeal, Sanchez does not contend that his property damage claim remained outstanding.[1] Therefore, Sanchez has failed to meet his burden to show how the trial court erred in issuing a final judgment against him. TEX. R. APP. P. 38.1(i). Since

---

[1] Leija's brief states that the property damage claim was resolved by summary judgment and a Rule 11 agreement between the parties.

there were no remaining issues before the court, the court did not err in entering a final judgment. We overrule Sanchez's second issue.

## Conclusion

We affirm the judgment of the trial court.


Peter Kelly
Justice

Panel consists of Justices Kelly, Goodman, and Countiss.